UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARIE FRITZINGER,<br>　　*Plaintiff*,<br><br>　　*vs*.<br><br>ANGIE'S LIST, INC.,<br>　　*Defendant.* | )<br>)<br>)<br>)　　1:12-cv-01118-JMS-DML<br>)<br>)<br>)<br>) |

## ORDER

Presently pending before the Court is Defendant Angie's List, Inc., ("Angie's List")'s Motion to Dismiss Counts II and VI of Plaintiff's Complaint, [dkt. 17], which the Court **GRANTS** for the reasons that follow.

## I.
### STANDARD OF REVIEW

The Federal Rules of Civil Procedure impose only a notice-pleading requirement for complaints. Fed. R. Civ. Pro. 8. Thus, "[s]pecific facts are not necessary; the [plaintiff] need only 'give the defendant fair notice of what the claim is and the grounds on which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) (alteration omitted)) (per curiam). Nonetheless, "a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) (synthesizing *Erickson* and *Twombly*). In that circumstance, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper. A motion filed under that rule asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is … without merit, he has pleaded himself out of court." *Tregenca v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993). In other words, if a plaintiff pleads facts beyond what is required, and the allegations show he is not entitled to relief, his claim is subject to dismissal. *See Jefferson v. Ambroz*, 90 F.3d 1291, 1296 (7th Cir. 1996) ("[I]f a plaintiff chooses to plead particulars, and they show he has no claim, then he is out of luck – he has pleaded himself out of court.") (internal citation and quotation marks omitted).

## II.
### BACKGROUND

Plaintiff Marie Fritzinger has brought this class action suit against Angie's List alleging breach of contract, unjust enrichment, and violation of Indiana's criminal deception statute. [*See* dkt. 1.] Ms. Fritzinger alleges that Angie's List, an internet-based company that provides its members with a forum to post and access reviews of contractors and other service providers, breached its Membership Agreement (Count I) and was unjustly enriched (Count III) by overcharging its renewing members. [*Id*; dkt. 36 at 1.] She also alleges that Angie's List breached its Membership Agreement (Count V) and was unjustly enriched (Count IV) by automatically renewing the contracts of certain members at a more costly membership level that that at which the members subscribed. [*Id*.] In addition to these allegations, Ms. Fritzinger claims that Angie's List committed two counts of deception (Counts II and VI) by making "false and misleading statements," in its Membership Agreement and on its website, [dkt. 1 at 21-22], and by misapplying the entrusted property – namely the credit, debit, and other payment

accounts of its members. [*id.* at 30]. Angie's List has moved to dismiss Counts II and VI of Ms. Fritzinger's Complaint. [Dkt. 17.]

### III.
#### DISCUSSION

As stated earlier, Angie's List has filed its motion for partial dismissal under Fed. R. Civ. P. 12(b)(6), which asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). In moving for dismissal of Counts II and VI of Ms. Fritzinger's Complaint, Angie's List argues that Ms. Fritzinger has not alleged a separate and independent tort resulting in an injury distinct from the breach of contract, and that even if she had, the claims should still be dismissed because she has not properly pleaded her claims in the alternative. [Dkts. 18 at 9; 39 at 7.] The Court will address each of the challenged counts in turn.

**A. Ms. Fritzinger's Deception Claim under Count II of Her Complaint**

In Count II of her Complaint, Ms. Fritzinger alleges that in addition to breaching its contract with her, Angie's List committed the Indiana state-law tort of deception by making various "false and misleading statements." [Dkt. 1 at 21.] She further alleges that, pursuant to Ind. Code § 34-24-3-1, she is entitled to three times the amount of the actual damages she incurred in obtaining and recovering a judgment under Count II. [*Id.* at 31.]

Under well-established Indiana law, where the source of one's party's duty to the other arises from a contract, "tort law should not interfere." *French-Tex Cleaners, Inc. v. Cafaro Co.*, 893 N.E.2d 1156, 1167 (Ind. Ct. App. 2008). A plaintiff who brings both a breach of contract and a tort claim must show both that the defendant committed the separate and independent tort and that the tort resulted in injury distinct from the injury of the alleged breach. *Tobin v. Ruman*,

3

819 N.E.2d 78, 86 (Ind. Ct. App. 2004). Here, Ms. Fritzinger has brought both a breach of contract and a deception claim against Angie's List. [*See* dkt. 1 at 20-21.] Accordingly, for Count II to survive Angie's List's partial motion to dismiss, Ms. Fritzinger must have alleged that (1) Angie's List committed the separate and independent tort of deception; and (2) the deception resulted in an injury distinct from that resulting from the breach. *Id.*

A comparison of the allegations of the breach of contract and deception claims demonstrates that no such distinction exists here. In support of her breach of contract claim in Count I, Ms. Fritzinger alleges the following:

- "Pursuant to the Membership Agreement, Plaintiff and Class members have contracted for Angie's List to automatically renew their memberships 'at the Membership Fee.'" [*Id*. at ¶ 118-119.]

- "The prevailing Angie's List Membership Fees for each geographic market are published on the Angie's list website." [*Id*. at ¶ 120.]

- "Angie's List systematically breached the Membership Agreement as to Plaintiff and class members by automatically renewing their memberships at a fee that is higher than the Membership Fee. [*Id*. at ¶ 121.]

As Angie's List points out in support of her motion to dismiss, [dkt. 18 at 10], these paragraphs are mirrored in Ms. Fritzinger's allegations under Count II for deception.

- Angie's List made statements in the Membership Agreement and on its website that memberships would be renewed "at the Membership Fee" or at the "regular membership price." [*Id.* at ¶ 126, 129-30.]

- "Angie's List automatically renews its memberships pursuant to an alternative and more costly fee schedule than the Membership Fee Schedule published on the website." [*Id*. at ¶ 132.]

- "Angie's List subsequently misapplied the credit cards, debit cards and other payment account belonging to its members when it charged to those accounts renewal fees that exceeded the Membership Fee which members had agreed to pay upon enrollment." [*Id*. at ¶ 136.]

Here, Ms. Fritzinger makes no allegation that this alleged deception under Count II resulted in an injury different from the injury sustained from the alleged breach of contract under Count I. Specifically, the gravamen of both Ms. Friztinger's breach of contract and deception claims is that Angie's List allegedly charged Ms. Fritzinger more than the agreed-upon Membership Fee. Because Ms. Fritzinger has not alleged that Angie's List committed a separate and independent tort of deception under Count II, and that the deception resulted in injury distinct from that resulting from the breach, Count II of her Complaint should be dismissed. *French-Tex,* 893 N.E.2d at 1167 ("Finding that the gravamen of the present action is one of contract construction, we agree with the trial court's reasoning. Where, as here, the source of Towne's duty toward French-Tex arises from a contract, then tort law should not interfere.") (internal citation and quotation marks omitted). *See also Decatur Ventures, LLC v. Stapleton Ventures, Inc.*, 373 F.Supp.2d 829, 851 n.21 (S.D. Ind. 2005) (dismissing fraud and deception claims and cautioning claimants to "carefully scrutinize the manner in which they plead claims for breach of contract, negligence, and fraud" which "should not simply be 'repackaged' versions of each other.").

In response to Angie's List's motion, Ms. Fritzinger argues that because the breach of contract and deception claims could be construed as alternative avenues of recovery, dismissal of Count II would be premature. [Dkt. 36 at 13.] While it is true that a party may plead as many separate claims as it has, regardless of consistency, Fed. R. Civ. Pro. 8(d)(3), a contract claim disguised as a tort cannot survive under Indiana law. *Tobin*, 819 N.E.2d at 86. Other federal courts sitting in the Seventh Circuit faced with similar challenges have reached the same conclusion. *See Duffy v. The Ticketreserve, Inc.*, 722 F.Supp.2d 977, 992 (N.D. Ill. 2010) ("[T]he Federal Rules' permissive attitude toward inconsistent pleading does nothing to alter the

Illinois Supreme Court's decree that a plaintiff's consumer fraud claim may not, as a matter of law, be predicated on a defendant's breach of contractual promise.").

Furthermore, Ms. Fritzinger has specifically incorporated the breach of contract allegations into her deception claims, and the Court cannot infer from her Complaint that she intended the deception claim to be pled in alternative to the breach of contract claim. *See Holman v. State of Indiana*, 211 F.3d 399, 407 (7th Cir. 2000) (explaining that while plaintiffs do not need to use specific words in order to plead in the alternative, 'they must use a formulation from which it can be reasonably inferred that this is what they were doing."). See RMA Brokerage, LLC, v. LTC Risk Mgmt., LLC, 2006 U.S. Dist. LEXIS 96894, *12, n.4 (S. D. Ind. 2006) ("LTC has not plead the unjust enrichment claim as an alternative theory .... Count II specifically incorporated all of the allegations of the Counterclaim, including the fact that there was a contract.") *See also Song v. PIL, LLC*, 640 F.Supp.2d 1011, 1016 (N.D. Ill. 2009) ("Song is correct that he may plead in the alternative … and he has avoided the problem of incorporating allegations of an express contract.") For those reasons, the Court finds unavailing Ms. Fritzinger's arguments about alternative pleading.

Ms. Fritzinger has not alleged an independent tort and separate, distinct injury that would entitle her to relief on the deception claim. According, the Court grants Angie's List's motion with respect to Count II. *Tobin*, 819 N.E.2d at 86.

### B. Ms. Fritzinger's Deception Claim under Count VI of Her Complaint

In addition to her deception claim under Count II, Ms. Fritzinger has also alleged a deception claim under Count VI related to her breach of contract claim under Count V. [*See* dkt. 1 at 27, 31.] Again, for Ms. Fritzinger's deception claim under Count VI to survive, she must

6

have alleged a separate and independent tort of deception under Count VI that resulted in injury distinct from that resulting from the breach of contract under Count V. *Tobin*, 819 N.E.2d at 86.

As with Counts I and II, a comparison of the allegations of the pertinent breach of contract and deception claims demonstrates that no distinction exists between the injuries alleged under the two. In support of her second claim for breach of contract in Count V, Ms. Fritzinger alleges the following:

- Without changing the language of the Membership Agreement, "after Angie's List changed its subscription offerings in certain markets, it automatically renewed the memberships of Subclass members in those markets at the Membership [Renewal] Fee for the Angie's List Bundle membership plan." [Dkt. 1 at ¶ 174-75.]

- "Angie's List breached the Membership Agreement as to the Plaintiff and Subclass members by automatically renewing their memberships at the Angie's List Bundle membership plan, despite the fact that Plaintiff and Subclass members had not enrolled in 'such a membership plan." [*Id*. at ¶ 182.]

- "Angie's List further breached the Membership Agreement as to Plaintiff and Subclass Members by failing to provide those Pre-Existing Members and opportunity to 'select' a 'primary subscription,' either at the time that they subscribed or at the time that Angie's List changed its subscription model." [*Id*. at ¶ 183.]

- "Angie's List further breached the Membership Agreement as to the Plaintiff and Subclass members by automatically renewing its Pre-Existing Members at the Angie's List Bundle rate where those members had not 'purchase[d] access to additional subscriptions' beyond their 'primary subscription.'" [*Id*. at ¶ 184.]

In support of her Count VI deception claim, Ms. Fritzinger alleges:

- Angie's List "misapplied the credit card, debit cards, and other payment accounts belonging to Plaintiff and Subclass members when it charged to those accounts an automatic 'renewal' of the newly-created Angie's List Bundle membership plan without providing notice to the Pre-Existing Member or obtaining consent of the Pre-Existing Member." [*Id*. at ¶ 191.]

As with Counts I and II, Counts V and VI are based upon a common claim and injury, namely that Angie's List renewed memberships in a plan in which its members allegedly had not

enrolled and then charged them for the subscription to this plan. Finding no meaningful distinction between the alleged injuries in Count V and those in Count VI, the Court concludes that Ms. Fritzinger has not alleged a separate and independent tort of deception under Count VI that resulted in injury distinct from that resulting from the breach of contract. *Tobin*, 819 N.E.2d at 86. Therefore, for the same reasons Count II must be dismissed, so too must Count VI. *Id*. Accordingly, the Court grants Angie's List's motion with respect to Count II.

## IV.
### CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss Counts II and VI of Plaintiff's Complaint. [Dkt. 17.] No partial judgment shall issue.

02/28/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF:**

George A. Gasper
ICE MILLER LLP
george.gasper@icemiller.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Vess Allen Miller
COHEN & MALAD LLP
vmiller@cohenandmalad.com

Judith S. Okenfuss
ICE MILLER LLP
judy.okenfuss@icemiller.com

Mindee J. Reuben
WEINSTEIN KITCHENOFF & ASHER, LLC

reuben@wka-law.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com

Jeremy S. Spiegel
WEINSTEIN KITCHENOFF & ASHER, LLC
spiegel@wka-law.com

Michael A. Wukmer
ICE MILLER LLP
michael.wukmer@icemiller.com