UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARIE FRITZINGER,         *Plaintiff*, | ) ) ) | |
| *vs.* | ) ) | 1:12-cv-1118-JMS-DML |
| ANGIE'S LIST, INC.,        *Defendant.* | ) ) ) | |

### ORDER

On October 17, 2013, Plaintiff Marie Fritzinger filed her Amended Motion for Class Certification with accompanying exhibits. [Dkts. 96-100.] Multiple issues with those filings require the Court's attention.

**A.  Filings Under Seal**

Ms. Fritzinger filed her supporting memorandum as well as a declaration with forty-six attached exhibits under seal without any explanation for doing so. [Dkts. 99; 100.] The Court recognizes that the parties' protective order allows certain confidential information to be filed under seal, but it also requires the party to confirm that there is a legal and factual basis for sealing the materials and file a redacted copy for the public record. [Dkt. 48 at 10.] Ms. Fritzinger has not done either of these things.

Moreover, in light of prevailing Seventh Circuit precedent, it is unlikely that many of the sealed filings are appropriately sealed because they are relevant to the pending class certification motion and presumptively open to the public. "It is beyond dispute that most documents filed in court are presumptively open to the public; members of the media and the public may bring third-party challenges to protective orders that shield court records and court proceedings from public view." *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). In fact, the United States

Supreme Court has recognized that this right to access is protected by the First Amendment of the United States Constitution. *See, e.g.*, *Globe Newspaper Co. v. Super. Ct. for Norfolk County*, 457 U.S. 596, 603-06 (1982); *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). Although this principle originated from a need to ensure access to criminal cases, it has been expanded to civil proceedings. *Smith v. U.S. Dist. Ct. for S. Dist. of Ill.*, 956 F.2d 647, 650 (7th Cir. 1992).

The public's right to access court records is not unlimited, however, and Federal Rule of Civil Procedure 26(c) allows the Court to shield certain documents from the public when there is good cause to do so. *Bond*, 585 F.3d at 1074. Although protective orders may keep certain documents confidential, as a general rule, "*dispositive* documents in any litigation enter the public record notwithstanding any earlier agreement." *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (original emphasis). As the Seventh Circuit has observed, "How else are observers to know what the suit is about or assess the [judge's] disposition of it? Not only the legislature but also students of the judicial system are entitled to know what the heavy financial subsidy of litigation is producing." *Id.*

Very few categories of documents are to be kept confidential once "their bearing on the merits of a suit has been revealed." *Id.* In civil litigation, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret." *Id.* A party seeking to maintain confidentiality must explain what harm will result from the disclosure as well as why that harm is the sort that presents a legal justification for secrecy in presumptively public litigation. *Id*. at 547.

### B. Exhibits

There are three issues with the exhibits Ms. Fritzinger filed in support of her memorandum.

First, Ms. Fritzinger does not appropriately label any of the forty-six exhibits she attached to a supporting declaration. [*See* dkts. 99-1 to 99-46.] Pursuant to the Local Rules, *see* INSD L.R. 5-6, and the undersigned's Practices and Procedures, [dkt. 40 (citing http://www.insd.uscourts.gov/Publications/CourtroomProceduresJMS.pdf)], each exhibit must be given a descriptive identifier—*e.g.*, "Exhibit 1 – Affidavit of John Smith"—to facilitate the Court's review of the pending motion. Ms. Fritzinger has not done this and her separately filed Index of Exhibits does not remedy that defect. [Dkt. 96.]

Second, it is apparent from the Index of Exhibits that some of the filed exhibits, [*e.g.*, dkts. 99-20; 99-21], were "deliberately left blank," which is unhelpful and suggests that Ms. Fritzinger did not cull through the submitted exhibits to identify only the relevant exhibits and portions of the exhibits necessary for the Court's review of the pending motion. The Court can discern no reason for listing exhibits that are blank pages.

Third, instead of filing the exhibits piecemeal between three docket entries, [dkts. 97-99], Ms. Fritzinger should have filed them together with one docket entry. The Court recommends that local counsel for plaintiff be consulted as they have considerable experience in filing complicated documents with this Court is such a manner that the Court's review is facilitated as opposed to impeded.

### C. Conclusion

For these reasons, the Court **STRIKES** Ms. Fritzinger's Memorandum in Support of Amended Motion for Class Certification, [dkt. 100], as well as her corresponding exhibits and

- 4 -

materials, [dkts. 96-99]. Ms. Fritzinger is **ORDERED** to file an amended memorandum and supporting exhibits by **October 24, 2013**. To facilitate the Court's review, Ms. Fritzinger should first file the supporting exhibits and then update her memorandum before filing it to specifically cite to the docket and page numbers referenced in the memorandum—*i.e.*, the docket number and page contained in the blue header reflected on the top of each page filed in CM/ECF (*e.g.*, [dkt. 101 at 4]). Should Ms. Fritzinger believe that any portion of her brief or supporting exhibits should be filed under seal, she must file a corresponding motion for leave to file the materials under seal as well as a redacted copy available for the public record. The deadline for the Defendant's response will begin to run on the date Ms. Fritzinger files her amended memorandum and supporting materials.

10/18/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Jenny R. Buchheit
ICE MILLER LLP
jenny.buchheit@icemiller.com

George A. Gasper
ICE MILLER LLP
george.gasper@icemiller.com

Scott D. Gilchrist
COHEN & MALAD LLP
sgilchrist@cohenandmalad.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Vess Allen Miller
COHEN & MALAD LLP
vmiller@cohenandmalad.com

Judith S. Okenfuss
ICE MILLER LLP
judy.okenfuss@icemiller.com

Mindee J. Reuben
WEINSTEIN KITCHENOFF & ASHER, LLC
reuben@wka-law.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com

Jeremy S. Spiegel
WEINSTEIN KITCHENOFF & ASHER, LLC
spiegel@wka-law.com

Michael A. Wukmer
ICE MILLER LLP
michael.wukmer@icemiller.com