# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARIE FRITZINGER,

               Plaintiff,

      v.                            Case No. 1:12-cv-1118-JMS-DML

ANGIE'S LIST, INC.,

               Defendant.

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

THIS CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE is entered by and among Plaintiff Marie Fritzinger, for herself and on behalf of the Settlement Class ("Plaintiff"), and Defendant Angie's List, Inc. ("Angie's List"). Plaintiff and Angie's List are referred to collectively as the "Parties." Subject to Court approval, as required by the applicable Rules, and as provided herein, the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement (as defined in paragraph 1A herein) and upon the entry by the Court of a Final Order and Judgment, this Lawsuit shall be settled and compromised upon the terms and conditions contained herein.

## RECITALS

WHEREAS, Plaintiff filed the above-captioned lawsuit against Angie's List (the "Lawsuit"), which is pending in the U.S. District Court for the Southern District of Indiana (the "Court"), and where Plaintiff's operative pleading in the Lawsuit is her Complaint, filed on August 14, 2012;

WHEREAS, Plaintiff's Complaint alleges that Angie's List was in breach of its Membership Agreement and was unjustly enriched;[1]

WHEREAS, Plaintiff is prosecuting this Lawsuit on her own behalf and on behalf of a putative class comprised of all monthly and annual Angie's List Members who, from January 1, 2009 to January 31, 2014: (1) were charged a Renewal Fee that exceeded the lowest prevailing New Member Fee in their Market, and/or (2) were Members in a Market prior to that Market's conversion to Paid Health status and who were automatically renewed into a Bundle membership in the renewal immediately following that Market's conversion to Paid Health status, at a fee which allegedly resulted in damages;

WHEREAS, Angie's List denies Plaintiff's allegations in their entirety;

WHEREAS, Plaintiff and Settlement Class Counsel (as defined in paragraph 2 herein), and Angie's List and its counsel, have now had the opportunity to comprehensively evaluate their respective positions relative to the merits of the Lawsuit and the prospects for the certification of a plaintiff class;

WHEREAS, Plaintiff and Angie's List, and their respective counsel, have engaged in extensive mediation conducted by the Hon. Morton Denlow (Ret.), including a lengthy mediation session on January 6, 2014, and numerous telephonic sessions thereafter;

WHEREAS, the Parties, on January 31, 2014, entered into a "Term Sheet," which, pursuant to its terms, and subject to Court approval, constituted a binding and enforceable settlement of the Lawsuit and contemplated this more formal Agreement between the Parties;

WHEREAS, this Agreement supersedes the foregoing "Term Sheet" in its entirety;

---

[1] Plaintiff also alleged claims of deception, in violation of Ind. § Code 34-24-3-1, which were subsequently dismissed.

WHEREAS, the issues in the Lawsuit would, if fully litigated, likely result in expensive and protracted litigation, appeals, and continued uncertainty as to the outcome;

WHEREAS, Plaintiff, Settlement Class Counsel, Angie's List, and its counsel have concluded that this Settlement Agreement provides an appropriate resolution of the Lawsuit and resolves all issues raised in the Lawsuit by all Parties, without prolonged litigation and the expense, risk, and uncertainty involved in litigation;

WHEREAS, Plaintiff and Settlement Class Counsel have concluded that this Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

WHEREAS, the Parties agree that all potential Class Members shall have an individual right to be excluded ("opt out") from the Settlement Class (as provided in this Agreement), such that participation in the settlement shall be voluntary;

WHEREAS, Angie's List denies the material allegations made in Plaintiff's Complaint, and denies all liability with respect to all facts and claims alleged therein, and further denies that the Settlement Class or anyone else has suffered any harm or damage or is entitled to any monetary, injunctive, or other relief whatsoever in connection with the Lawsuit;

WHEREAS, although Angie's List denies any fault, wrongdoing, or liability of any kind, Angie's List is entering into this Agreement to avoid the expense, inconvenience, and inherent risk of litigation and the concomitant disruption of its business operations; and

NOW, WHEREFORE, the Parties stipulate and agree that any and all Settled Claims against all Released Parties regarding Angie's List's membership renewal practices shall be finally settled and resolved on the terms and conditions set forth in this Agreement, subject to Court approval of this Agreement, as a good faith, fair, reasonable, and adequate settlement under applicable rules, regulations, and laws.

## DEFINED TERMS

1.        As used in this Agreement and the exhibits hereto, in addition to any definitions elsewhere in this Agreement, the following terms shall have the meanings set forth below:

A.        **Agreement** means this Class Action Settlement Agreement and Release (including all exhibits hereto).

B.        **Angie's List** means Defendant Angie's List, Inc., as well as its parent, subsidiary, or affiliated entities, its predecessors, successors, and assigns, and their past and present officers, directors, shareholders, owners, members, employees, agents, and attorneys.

C.        **Angie's List Member** means a person who has purchased or otherwise obtained an Angie's List Membership. If a Class Member is a current Angie's List Member as of January 31, 2014, the Class Member will be considered a "Current Angie's List Member" for purposes of this Agreement. If the Class Member is not an Angie's List Member as of January 31, 2014, the Class Member will be considered a "Former Angie's List Member" for purposes of this Agreement.

D.        **Angie's List Membership** means a subscription to Angie's List Home and/or Angie's List Health.

E.        **Angie's List E-Commerce Voucher** means a voucher or electronic code that may be used to purchase a variety of products and services on the Angie's List Website, including, but not limited to, an Angie's List Big Deal.

F.        **Angie's List Health** means the segment of the Angie's List Website and related product/service offerings that pertain to health and wellness service providers (such as doctors, dentists, etc.).

4

G.   **Angie's List Home** means the segment of the Angie's List Website and related product/service offerings that pertain to home service providers (such as plumbers, electricians, etc.).[2]

H.   **Angie's List Website** means the official Angie's List website, located at www.angieslist.com.

I.   **Bundle Membership** means an Angie's List Membership which allows access to both Angie's List Home and Angie's List Health.

J.   **Class Representative** means Marie Fritzinger.

K.   **FAQ** means the "Frequently Asked Questions" portion of the Angie's List Website.

L.   **Final Approval** shall be the date upon which the Judgment and Order has become final in accordance with paragraph 21 herein.

M.   **Market** means the geographic area that applies to an Angie's List Membership.  For example, Ms. Fritzinger lives in Philadelphia and, as such, signed-up for access to reviews of service providers in the Philadelphia Market.

N.   **Membership Agreement** means the Angie's List Membership Agreement, as amended, that has been continuously available to members on the Angie's List Website.

O.   **New Member Fee** means the fee paid by a person who is not an Angie's List Member to purchase an Angie's List Membership in their Market.

P.   **Paid Health** refers to Markets in which Angie's List Health is available to Angie's List Members for a separate fee.

---

[2] Angie's List Home has sometimes been referred to as Angie's List Classic in prior filings in this case.

Q.      **Releasing Parties** means Plaintiff, each Settlement Class Member, and any person claiming by or through him/her/it as his/her/its spouse, parent, child, heir, guardian, associate, co-owner, attorney, agent, administrator, devisee, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, employee, or affiliate.

R.      **Renewal Fee** means the fee paid by a current Angie's List Member to renew his/her Angie's List Membership.

S.      **Settlement Class Member(s) or Class Member(s)** means all monthly and annual Angie's List Members who, from January 1, 2009 to January 31, 2014: (1) paid a Renewal Fee that exceeded the lowest prevailing New Member Fee in their Market, and/or (2) were Members in a Market prior to that Market's conversion to Paid Health status and who were automatically renewed into a Bundle membership in the renewal immediately following that Market's conversion to Paid Health status, at a fee which allegedly resulted in damages. Excluded from the Settlement Class Members are: officers, directors, shareholders, owners, employees, or agents of Angie's List (or its predecessors, successors, assigns, and/or any affiliated entities); members of Brownstone Publishing, LLC; any member of the Settlement Class who timely and validly requests exclusion as provided in paragraph 18 herein; Angie's List's counsel; Settlement Class Counsel (as defined in paragraph 2 herein); any judge in this Lawsuit; and any immediate family member of any such person(s).

### PROPOSED CLASS FOR SETTLEMENT PURPOSES

2.      **Proposed Settlement Class**.  The proposed settlement class (the "Settlement Class") consists of all monthly and annual Angie's List Members who, from January 1, 2009 to January 31, 2014: (1) paid a Renewal Fee that exceeded the lowest prevailing New Member Fee

6

in their Market, and/or (2) were Members in a Market prior to that Market's conversion to Paid Health status and who were automatically renewed into a Bundle membership in the renewal immediately following that Market's conversion to Paid Health status, at a fee which allegedly resulted in damages (as defined by Plaintiff's expert).  Plaintiff and Angie's List stipulate, subject to Court approval and to paragraph 3 herein, that the Settlement Class qualifies for class treatment pursuant to *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), to the appointment of Plaintiff as Class Representative, and to the appointment of Mindee J. Reuben and Jeremy S. Spiegel of Weinstein Kitchenoff & Asher LLC and Richard E. Shevitz of Cohen & Malad, LLP as settlement class counsel ("Settlement Class Counsel").

      3.    **Certification of Class for Settlement Purposes Only**.  The stipulation and certification of the Settlement Class as provided in paragraph 2 herein shall be binding only with respect to the settlement of the Lawsuit and shall not be cited or relied on by any of the Parties in the event that this Agreement and the Judgment and Order (as defined in paragraph 20 herein) do not receive full and final judicial approval in all material respects, or are reversed, vacated, or modified in any material respect.  In any such event, this Agreement shall have no force or effect; the Parties shall be restored, without waiver, to their respective positions prior to January 31, 2014; any certification of the Settlement Class shall be vacated; the Lawsuit shall proceed as though the Settlement Class had never been certified and the Motion for Preliminary Approval of Settlement and supporting memorandum had not been filed; and Angie's List shall have the right to oppose the certification of any plaintiff class.  The Parties agree that, if approved, certification of the Settlement Class for settlement purposes only is in no way an admission by Angie's List that class certification is proper in this Lawsuit, or in any other litigation, against Angie's List.

4.    **Agreement for Settlement Purposes Only**.   This Agreement is for settlement purposes only, and neither the fact of, nor any provision contained in this Agreement or its exhibits, nor any action taken hereunder, shall constitute, be construed as, or be admissible in evidence as any admission of the validity of any claim or any fact alleged by Plaintiff in this Lawsuit, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Angie's List.

### BENEFITS TO THE SETTLEMENT CLASS

5.    **Elected Class Relief**.   In addition to all other consideration outlined in this Agreement, Class Members who timely submit a valid Claim Form (as defined in paragraph 11 herein) by the Claims Submission Deadline (as defined in paragraph 11 herein) and who provide all required proof and comply with all other conditions and requirements specified herein, may elect to receive one of the following:

A.    Monetary payment in the amount of $5.00, provided that the total monetary payment by Angie's List will not exceed $1.5 million ($1,500,000.00) (the "Class Monetary Relief").   In the event that the claims for Class Monetary Relief exceed $1.5 million, payments will be reduced by a *pro rata* amount;

B.    A one-month Angie's List Membership, useable in any Market.   This Membership will be fully transferrable and will not expire for a period of two years (from issuance).   The one-month membership may be activated without providing any other form of payment or credit card information; or

C.    An Angie's List E-Commerce Voucher worth $5.00.   This Voucher will be fully transferrable and will not expire for a period of two years (from issuance).   An Angie's List Membership is not needed to use the E-Commerce Voucher.

8

6.      **Non-Elected Class Relief**.  In addition to all other consideration outlined in this Agreement, all Class Members who do not timely file a valid Claim Form by the Claims Submission Deadline, or whose Claim Form is otherwise not valid (as set forth in paragraph 12(A) herein), will receive the following default relief:

A.      Current Angie's List Members will receive an automatic one-month extension of their current Angie's List Membership.

B.      Former Angie's List Members will receive an Angie's List E-Commerce Voucher worth $5.00.  This Voucher will be fully transferrable and will not expire for a period of two years (from issuance).  An Angie's List Membership is not needed to use the E-Commerce Voucher.

7.      **Non-Monetary Relief**.   Within 60 days of the Court's Final Approval of the Agreement, Angie's List shall:

A.      Amend its Membership Agreement on the Angie's List Website to inform Members that Renewing Members may be charged a fee that is different from the fee charged to New Members. The specific language will be left to the discretion of Angie's List and may change. The Parties agree that the following statement is acceptable: "A renewal fee may differ from the fee charged to any new member."

B.      Explain in the FAQs on the Angie's List Website that Renewing Members may be charged a fee that is different from the fee charged to New Members. The specific language will be left to the discretion of Angie's List and may change. The Parties agree that the following statement is acceptable: "A renewal fee may differ from the fee charged to any new member."

C.      So long as Angie's List offers New Members the opportunity to purchase Angie's List Health as a separate product, explain in the FAQs on the Angie's List Website that it allows Members in some Markets to purchase subscriptions for Angie's List Health without also purchasing Angie's List Home, and that Members should consult the "My Account" (or other designated) section of the Angie's List Website for relevant information. The specific language will be left to the discretion of Angie's List and may change. The Parties agree that the following statement is acceptable: "At times, in certain markets, members may be allowed to purchase subscriptions for some, but not all, portions of Angie's List (such as Angie's List Home or Angie's List Health). Please consult the 'My Account' section of Angie's List's website for information concerning your membership." Angie's List shall include these changes until at least December 31, 2015, except as specifically set forth in paragraph 7(C) above.  Angie's List may revise these changes to ensure consistency with any changes in Angie's List fee structure or product offerings.

8.      **Claims Administrator, Claims Administration, and Costs of Administration.**

A.      The claims administrator shall be Dahl Administration, or such other claims administrator as is approved by the Court (the "Claims Administrator").  The Claims Administrator, in consultation with Settlement Class Counsel and Angie's List's counsel, shall (i) accurately and objectively describe, and shall train and instruct its employees and agents to accurately and objectively describe, the provisions of this Agreement in communications with Class Members; (ii) provide prompt, accurate, and objective responses to inquiries from Settlement Class Counsel and Angie's List counsel regarding claims, exclusions, objections and/or objectors, and other matters concerning the administration of the Agreement; (iii) shall administer the settlement in good faith and in

10

accordance with the Agreement; and (iv) evaluate and effectuate the proposed indirect notice and the manner of administration, and report, in a declaration or affidavit, the efficacy of the notice (in connection with the Motion for Final Approval of the Settlement).

B.      Counsel for the Parties have agreed on a proposed form of notice to the Settlement Class, a proposed method of giving notice, a proposed Claim Form, the proposed period for claim submission, and the proposed claim process (including the process for objecting to claims and submission of claims disputes to the Court), and other procedural aspects of the administration of the settlement, subject to Court approval.  The Parties also have agreed that the Claims Administrator will establish a website, using the address www.alsettlement.com (the "Settlement Website"), or, if not available, a similar domain name, which shall contain, or provide hypertext links to, the following documents: the Settlement Agreement, the Claim Form, the Notice of Proposed Class Action Settlement, the Motion for Preliminary Approval of Settlement and Memorandum in support thereof, the Preliminary Approval Order, the Motion for Attorneys' Fees, Expenses and Incentive Award, and documents filed by Plaintiff or Angie's List with the Court in support of final approval of this Agreement.  The Settlement Website shall be maintained for at least the time period from Preliminary Approval of the Agreement until the latter of the deadlines for opt-outs, objections, and election of recovery.  The cost of developing and maintaining the Settlement Website shall be a Cost of Administration under paragraph 8(C) herein.

C.      All administration costs, including, without limitation, costs of notice and of the Claims Administrator, shall be paid by or on behalf of Angie's List.  All records of the Claims Administrator, including, but not limited to, all Claim Forms submitted by Class

Members, or persons claiming to be Class Members, of the Settlement Class, shall be available for inspection and copying by the Parties, or their representatives or attorneys, on three business days' notice to the Claims Administrator, or such shorter period as may be necessary under the circumstances then existing.

9.       **Attorneys' Fees and Costs, and Incentive Award.**

A.       Subject to Court approval, Angie's List will not oppose or otherwise object to any Motion for Fees and Costs that seeks an award of attorneys' fees and expenses in a total amount not exceeding $875,000.00 (Eight Hundred Seventy-Five Thousand Dollars) to Settlement Class Counsel.  Settlement Class Counsel shall neither request nor accept from the Court an award of fees and expenses more than the $875,000.00.  Under no circumstances will Angie's List be required to pay more than $875,000.00 for plaintiffs' attorneys' fees and expenses.[3] The Motion for Attorneys' Fees, Expenses and Incentive Award will be filed no later than 42 days before the hearing on final approval of the Settlement Agreement.  All attorneys' fees and expenses awarded by the Court to Settlement Class Counsel shall be paid by or on behalf of Angie's List within 30 business days after Final Approval.  Settlement Class Counsel shall provide Angie's List with properly completed Forms W-9 prior to the receipt of payment of such fee amount as is awarded by the Court.

B.       Subject to Court approval, Angie's List will not oppose or otherwise object to any Motion for Incentive Award that seeks an incentive award for Plaintiff in an amount not exceeding $1,500.00 (One Thousand Five Hundred Dollars).  Under no circumstances will Angie's List be required to pay more than $1,500.00 for an incentive award for

---

[3] This award is comprised of $680,000 in attorneys' fees and $195,000 in expenses at the time of the execution of this Agreement.

Plaintiff.  The Motion for Attorneys' Fees, Expenses and Incentive Award will be filed no later than 42 days before the hearing on final approval of the Settlement Agreement.  The amount of the Incentive Award as approved by the Court shall be paid within 30 business days after Final Approval via check made payable to Marie A. Fritzinger and sent to Settlement Class Counsel.  Ms. Fritzinger shall provide Angie's List with a properly completed Form W-9 prior to such payment.

10.   **Creation of the Fund.**  Angie's List will create a fund (the "Fund") by depositing with the Claims Administrator (for deposit in a separately established, interest-bearing account) monies equal to the amount necessary to pay the Claims (determined by the Claims Administrator to be valid and timely Claims submitted by members of the Settlement Class), pursuant to paragraph 5(A) herein, and not to exceed $1.5 million (the "Settlement Payment").  The Settlement Payment shall be paid into the Fund within 10 business days after the date of Final Approval.  The timely payment of the Settlement Payment to the Claims Administrator shall satisfy the payment obligations set forth in paragraph 5 herein, provided that Angie's List, directly or indirectly, does not cause or instruct that the amounts of the Settlement Payment not be distributed by the Claims Administrator to those entitled to receive the same pursuant to this Agreement.

Angie's List shall be solely responsible for directing the Claims Administrator to file all informational and other tax returns necessary to report any taxable and/or net taxable income earned by the Settlement Payment.

## DISTRIBUTION OF CLASS RELIEF

11.   **Claim Process.**  Each Class Member who elects to receive the Elected Class Relief, as set forth in paragraph 5 herein, must electronically submit a claim form ("Claim Form") in the form attached hereto as **Exhibit 1**, properly completed and signed by or on behalf of the Class

Member.  The Claim Form requires that Former Angie's List Members provide a mailing address in order to obtain the Class Monetary Relief.  Claim Forms will be submitted electronically via the Settlement Website.  A Claim Form shall be timely submitted if it is completed within 60 days after the entry of the Preliminary Approval Order (the "Claims Submission Deadline").  The Claims Submission Deadline shall be clearly set forth on both the Class Notice and Claim Form. If the Claim described in the Claim Form satisfies the conditions set forth in this Agreement, the Claims Administrator will, subject to the procedures set forth in paragraph 13 herein:

A.      Issue a check to the Class Member in the amount of Class Monetary Relief to which the Class Member is entitled under paragraph 5(A) herein;

B.      Direct Angie's List to issue a free one-month Angie's List Membership to which the Class Member is entitled under paragraph 5(B) herein; or

C.      Direct Angie's List to issue an E-Commerce Voucher in the amount of $5.00 to which the Class Member is entitled under paragraphs 5(C) herein.

12.     **Review of Claim Forms, Challenges and Resolution of Claim Disputes.**

A.      A Claim Form is not valid if: (1) it is not electronically submitted by the Claims Submission Deadline; (2) it is not complete; (3) it is not electronically signed by or on behalf of the Class Member identified on the Claim Form; or (4) it does not accurately provide either the e-mail address used for the Class Member's Angie's List account or the Claimant ID transmitted with the Class Notice.

B.      Within 10 business days after the Claims Submission Deadline, the Claims Administrator shall issue a written report ("Preliminary Report") to the Parties stating, among other things, the total number of Claim Forms received by the Claims Administrator and setting forth its determination as to the total number of valid and timely Claims submitted by members of the Settlement Class (on or before the Claims Submission

Deadline) and specifying the invalid Claims and the reasons why such Claims are invalid. The copies of the Preliminary Report delivered to the Parties shall be accompanied by electronic or paper copies of all Claim Forms that are the subject of the Claims Administrator's report.  Within 10 business days after their receipt of the Preliminary Report and the Claims Forms, Angie's List and/or Plaintiff may comment upon or object to the Preliminary Report in a writing submitted to the Claims Administrator, with copies concurrently sent to the other Party.  The Claims Administrator will issue a Final Report after taking into account the written comments or objections of the Parties, within 10 business days after the Claims Administrator's receipt of written comments or objections from the Parties (which such 10 business days to issue the Final Report shall commence upon the Claims Administrator's receipt of whichever timely submitted comments or objections are last submitted by the Parties to the Claims Administrator).

C.     Should the Claims Administrator determine in its Final Report that a Claim is not valid, the Claims Administrator shall promptly give the person or entity (the "Denied Claimant") submitting such Claim electronic notice that the Claim has been denied and the basis for the denial.  The Denied Claimant may challenge the denial by providing the Claims Administrator with written notice that the denial of the Claim is being challenged and the basis for the challenge.  Such a challenge shall be made within 21 days after the transmission by the Claims Administrator to the Denied Claimant of the written notice of denial of Claim.  If the Denied Claimant fails to submit a challenge within such time period, then the Claim of the Denied Claimant shall remain disallowed.  If the Denied Claimant timely submits a challenge, the Claims Administrator shall promptly provide the Parties with copies of the challenge.  If the Parties agree to the challenge, then the Claim shall be

processed by the Claims Administrator.  If the Parties cannot agree on the validity of the challenge within 7 days after their receipt of the challenge, the challenge and any response to the challenge by the Parties shall be submitted to the Court (or to a special master or other person appointed by the Court) for a final and binding determination as to whether the Claim should be processed, and a copy of the response(s) shall concurrently be sent by the Claims Administrator to the Denied Claimant.  A submission to the Court (or to a special master or other person appointed by the Court) for a final and binding determination of the denied Claim shall be made within 14 days after the receipt by the Parties of the Denied Claimant's challenge.  Such submission shall be based upon written submissions and no hearing shall be held unless requested by the Court (or special master or other person appointed by the Court).  The decision of the Court (or special master or other person appointed by the Court) shall be final.  The date that the Court (or special master or other person appointed by the Court) decides all disputes to the validity of Claims (including the submissions of this paragraph 12(B) herein and the submissions of paragraph 12(C) herein) is the "Claims Dispute Resolution Date."

D.     Any Party may challenge a Claim determined in the Claim's Administrator's Final Report to be valid or invalid by providing the Claims Administrator (and the other Party) with written notice that the Claim is being challenged and the basis for the challenge.  Such a challenge shall be made within 21 days after the Parties' receipt of the Final Report of the Claims Administrator as provided in paragraph 12(B) herein.  If the Parties cannot agree on the validity of a Claim within 7 days after a challenge is made, the claimant shall promptly be notified in writing by the Claims Administrator that the Claim is being challenged and the basis for the challenge.  The claimant shall then have 21

days from the mailing or other transmission of such written notification within which to remedy the Claim or oppose the challenge on any basis the claimant deems appropriate within such time.  If the claimant fails to respond, the Claim shall be disallowed.  If the claimant responds or attempts to remedy the Claim, the Party (Angie's List and/or Plaintiff) making the challenge to the Claim shall have 7 days after receipt from the Claims Administrator of the claimant's response within which to give notice to the other Party (Angie's List and/or Plaintiff) whether it intends to maintain or withdraw its challenge.  If the challenge is withdrawn, the Claim shall be processed by the Claims Administrator.  If either Party (Angie's List and/or Plaintiff) maintains its challenge, the Claim shall be submitted to the Court (or to a special master or other person appointed by the Court) for a final and binding determination as to whether the Claim should be processed.   A submission to the Court (or to a special master or other person appointed by the Court) for a final and binding determination shall be made within 14 days after the Party making the challenge receives from the Claims Administrator the claimant's response.   Such submission shall be based upon written submissions and no hearing shall be held unless requested by the Court (or special master or other person appointed by the Court).

13.      **Distribution of Relief.**

A.      The Claims Administrator shall distribute the Class Monetary Relief to Class Members electing and entitled thereto under this Settlement Agreement in the form of checks made payable to the Class Member identified on the completed Claim Form. Such checks shall be sent via first-class mail to the address for the Class Member as stated on the completed Claim Form.  For Claims that are uncontested or allowed, payment therein will be made within 15 business days after Final Approval.  For Claims that are

17

challenged and submitted to the Court for resolution under paragraphs 12(B) or 12(C) herein, payment therein, if any, will be made within 15 business days after the later of Final Approval or the Claims Dispute Resolution Date.  If any Class Member fails to cash a settlement check within 120 days of mailing, the Claims Administrator shall stop payment or decline to honor the check (and this limitation will be printed on the face of the check), and the Claims Administrator and Angie's List shall be released from any obligation to pay any Monetary Claim Relief to such Class Member.  The amounts represented by uncashed checks, and any amounts deposited in the Fund for Claims subject to challenge as to which a final determination of invalidity is made, shall be then returned promptly by the Claims Administrator to Angie's List, together with interest earned on funds deposited with the Claims Administrator, pursuant to this Agreement.

B. The Claims Administrator shall direct Angie's List to issue a one-month Angie's List Membership to Class Members entitled thereto under paragraph 5(B) of this Agreement.  Angie's List will e-mail an identification number to the Class Member at the e-mail address provided by the Class Member or, if none, at the e-mail address currently on file with Angie's List.  The identification number will entitle the Class Member to a one-month Angie's List Membership, and will be useable in any Market, will be fully transferrable, and will not expire for a period of 2 years (from issuance).  The one-month membership may be activated without providing any other form of payment or credit card information.   For Claims that are uncontested or allowed, the identification number will be issued within 15 business days after Final Approval; for Claims that are challenged and submitted to the Court for resolution under paragraph 12(B) or 12(C) herein, the

identification number, if any, will be issued within 15 business days after the later of Final Approval or the Claims Dispute Resolution Date.

C.     The Claims Administrator shall direct Angie's List to issue an E-Commerce Voucher in the amount of $5.00 to Class Members entitled thereto under paragraphs 5(C) of this Agreement.  Angie's List will issue the E-Commerce Voucher to the Class Member at the e-mail address provided by the Class Member or, if none, at the e-mail address currently on file with Angie's List.  The E-Commerce Voucher will be fully transferrable and will not expire for a period of 2 years (from issuance).  An Angie's List Membership is not needed to use the E-Commerce Voucher.  For Claims that are uncontested or allowed, the E-Commerce Voucher will be issued within 15 business days after Final Approval; for Claims that are challenged and submitted to the Court for resolution under paragraph 12(B) or 12(C) herein, the E-Commerce Voucher, if any, will be issued within 15 business days after the later of Final Approval or the Claims Dispute Resolution Date.

D.     Angie's List will automatically extend the Angie's List Membership, for a period of one month, of Class Members entitled thereto under paragraph 6(A) of this Agreement.

E.     Angie's List will issue an E-Commerce Voucher in the amount of $5.00 to Class Members entitled thereto under paragraph 6(B) of this Agreement.  Angie's List will issue the E-Commerce Voucher to the Class Member at the e-mail address currently on file with Angie's List.  The E-Commerce Voucher will be fully transferrable and will not expire for a period of 2 years (from issuance).

## RELEASES

14.     **Releases and Dismissals.**

A.      In addition to the effect of any final stipulation of dismissal or judgment entered in accordance with this Agreement, upon Final Approval of this Agreement, and for other valuable consideration as described herein, the Releasing Parties shall completely release, acquit, and forever discharge Angie's List from any and all claims, demands, actions, suits and causes of action, in law or equity, whether class, individual or otherwise in nature, that the Releasing Parties, or each of them, ever had, now has, or hereafter can, shall, or may have on account of or arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries or damages (including, but not limited to, actual, exemplary, punitive, or statutory damages), and the consequences therein, arising out of or resulting from: (i) the membership renewal fees charged by Angie's List, (ii) Angie's List's automatic renewal of a Member in a Bundle membership following the transition of that Member's Market to Paid Health status, and (iii) Angie's List's statements, representations or omissions regarding (i) and (ii), including, but not limited to, any conduct alleged, and causes of action asserted, or that could have been alleged or asserted, in the Complaint filed in the Lawsuit, which in whole or in part arise from the facts and/or actions described in the Lawsuit and that relate in any way to fees charged to or paid by the Class Members in connection with the renewal of their Angie's List Memberships, including, but not limited to, any class, group, collective, or individual claim under any federal or state law, federal or state consumer protection, fraud, deception or RICO laws, or similar laws, from August 14, 2006 to January 31, 2014 (the "Released

Claims"). The Releasing Parties shall not, after the date of this Agreement, seek to recover against Angie's List for any of the Released Claims.

B. Each of the Releasing Parties hereby expressly waives and releases, upon this Agreement becoming effective, any and all provisions, rights, and benefits conferred by any statute, law or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code, which reads: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." Each of the Releasing Parties may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims that are the subject matter of this Agreement, but each of the Releasing Parties hereby expressly and fully, finally and forever waives and relinquishes, and forever settles and releases any known or unknown, suspected or unsuspected, contingent or non-contingent, claim against Angie's List, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

C. Angie's List will release, waive, and discharge, upon Final Approval, all legal claims, causes of actions, cross-claims, or counter claims against Marie Fritzinger and Settlement Class Counsel (collectively, "Plaintiff Released Parties") arising out of or related to the Litigation or related to the claims at issue in the Litigation, except for any claims or causes of action arising out of or related to the Agreed Protective Order entered on March 1, 2013 (Dkt. 48) (the "Released Litigation Claims").

D.      Upon entry of the Judgment and Order approving this Agreement, and the Judgment and Order being deemed final, as set forth in paragraph 21 herein, the Parties will file a Stipulation of Dismissal of all claims, with prejudice, subject to the Court's retention of continuing jurisdiction with respect to or in connection with any and all matters relating in any way to the Judgment and Order, the Preliminary Approval Order, or this Agreement, including, but not limited to, the administration, implementation, interpretation, or enforcement of this Agreement and the resolution of claim disputes, and provided that such dismissal shall not affect or impair the obligations of the Parties under this Agreement.  In the event that this Agreement and the Judgment and Order do not receive full and final judicial approval in all material respects, or are reversed, vacated, or modified in any material respect, the dismissal provided in this paragraph shall be null and void and vacated, and the Parties shall be restored, without waiver, to their respective positions prior to January 31, 2014, and the Lawsuit shall proceed as though it had not been dismissed and as though the Motion for Preliminary Approval and supporting memorandum had not been filed.

## CLASS NOTICE

15.     **Class Notice.**  Angie's List will attempt to identify all Class Members through its records.

A.      Within 15 days after entry of the Preliminary Approval Order, notice of the Agreement ("E-Mail Notice"), in the form attached hereto as **Exhibit 2**, will be sent to

each Class Member at the e-mail address on record at Angie's List.  Angie's List will retain a third-party to send the E-Mail Notice.

B.       For any such e-mail transmission of the E-Mail Notice that is undeliverable, the Claims Administrator will send written notice of the agreement ("Postcard Notice"), in the form attached hereto as **Exhibit 3**, by first-class mail, postage prepaid, to the last-known address of each Class Member, as reflected in Angie's List's records.

C.       Both the E-Mail Notice and Postcard Notice will direct Class Members to the website maintained by the Claims Administrator, as specified in paragraph 8(B) herein. This website will contain, among other things, the Claim Form and the Notice of Proposed Class Action Settlement and Hearing on Final Approval of Settlement ("Notice of Proposed Class Action Settlement"), in the form attached hereto as **Exhibit 4**.

D.       Within 15 days after entry of the Preliminary Approval Order, Angie's List will also provide notice by publication in a national publication, such as <u>USA Today</u>, for three (3) days ("Publication Notice"), in the form attached hereto as **Exhibit 5**.

E.       The E-Mail Notice, Postcard Notice, and Publication Notice, in accordance with this paragraph, shall constitute the "Class Notice."

This Class Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law, and shall otherwise be in the manner and form approved by the Court.

## SETTLEMENT APPROVAL PROCESS

16.       **Preliminary Approval Order.**  No later than April 11, 2014, Plaintiff will petition the Court for an order that (a) appoints Plaintiff to represent the Class Members; (b) appoints Settlement Class Counsel to represent the Class Members; (c) appoints Dahl Administration as the

Claims Administrator; (d) conditionally certifies the Settlement Class under Federal Rule of Civil Procedure 23 for settlement purposes only; (e) preliminarily approves this Agreement for purposes of issuing Class Notice; (f) approves the timing, content and manner of the Class Notice; (g) schedules the hearing for final approval of the Agreement; and (h) makes such orders as are necessary and appropriate to effectuate the terms and conditions of this Agreement (the "Preliminary Approval Order").  A copy of the form of the Preliminary Approval Order agreed to by the Parties is attached hereto as **Exhibit 6**.  If the Preliminary Approval Order is granted, the hearing for final approval of the Agreement will be held at the first available hearing date that is no earlier than 90 days following the entry of the Preliminary Approval Order, or on such later date as is practicable given the Court's calendar.

17.     **Stay of the Action**.  The Parties shall move to withdraw all pending motions and request that the Court, in connection with the Preliminary Approval Order, issue an immediate stay of the Lawsuit, except to the extent necessary to effectuate this Agreement, unless and until this Agreement is terminated pursuant to its terms and conditions and/or the Lawsuit is dismissed with prejudice.

18.     **Right of Exclusion**.  Class Members shall be afforded an opportunity to request exclusion from the Settlement Class.  A request for exclusion from the Settlement Class must be in writing and state the name, address, and phone number of the person or entity seeking exclusion. Each request must also contain a signed statement that:  "I/we hereby request that I/we be excluded from the proposed Settlement Class in the *Fritzinger v. Angie's List* litigation."  The request must be mailed to the Claims Administrator at the address provided in the Class Notice and postmarked on or before the Claims Submission Deadline.  Any envelope with an illegible post-mark will be treated as being mailed three business days before the Claims Administrator received the

24

submission.  A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that is not mailed within the time specified, shall be invalid and the person or entity serving such a request shall be a member of the Settlement Class and shall be bound as a Class Member by the settlement of this Lawsuit and the Releases provided in paragraph 14 herein, if the Agreement is finally approved as provided in paragraphs 20 and 21 herein.  The Claims Administrator shall file documents with the Court reporting on Class Members requesting exclusion.  Class Members who submit a timely and valid request for exclusion from the Settlement Class shall have no rights or obligations as Class Members pursuant to this Agreement, and shall not be bound by the Releases herein or this Agreement.

19.     **Right to Object.**  Any Class Member who objects to the Agreement, the Motion for Fees, or Motion for Incentive Award may appear in person or through counsel, at his or her own expense, at the final approval hearing to present any evidence or argument that may be proper and relevant.  No Class Member shall be heard and no papers, briefs, pleadings, or other documents submitted by any Class Member shall be received and considered by the Court, unless no later than 28 days before the final approval hearing, or such other date set by the Court, the Class Member files with the Clerk of Court and mails to Settlement Class Counsel and Angie's List's counsel (as specified in the Class Notice), written objections that include (a) a notice of intention to appear, (b) a statement of membership in the Settlement Class, and (c) the specific grounds for the objections and any reasons why the Class Member desires to appear and be heard, as well as all documents that the Class Member desires the Court to consider.  Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his, her, or its objections and shall be forever barred from making any such objections in the Lawsuit or in any other

proceeding or from challenging or opposing, or seeking to reverse, vacate or modify any approval of the Agreement, the Motion for Fees, or the Motion for Incentive Award.  In the event that any Class Member objects to the settlement in the manner prescribed herein, Plaintiff and Angie's List shall be afforded full opportunity to respond to such objection.  Plaintiff and Angie's List will file and serve upon opposing counsel all papers responding to any objections, and any other necessary filings, fourteen (14) days before the final approval hearing.

20.     **Judgment and Order.**  Plaintiff shall, in accordance with the schedule set forth in the Preliminary Approval Order, seek entry of an order and final judgment, the text of which shall be proposed by Plaintiff, subject to the agreement of Angie's List, which agreement shall not be unreasonably withheld, that: (a) confirms the certification of the Settlement Class; (b) dismisses this Lawsuit, with prejudice and, except as explicitly provided for in this Agreement, without costs; (c) decrees that neither the final approval nor this Agreement constitutes an admission of liability, fault or wrongdoing; (d) releases Angie's List from the Released Claims of Releasing Parties; (e) releases Plaintiff Released Parties from the Released Litigation Claims of Angie's List; (f) approves finally this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Class Members within the meaning of Federal Rule of Civil Procedure 23, and directing its consummation according to its terms; (g) preserves the Court's continuing and exclusive jurisdiction over the Parties to administer, supervise, construe and enforce this Agreement in accordance with its terms and conditions; (h) determines under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay, and directs that the final judgment of dismissal as to

Angie's List shall be entered; and (i) seeks such orders as are necessary and appropriate to effectuate the terms and conditions of this Agreement (the "Judgment and Order").

21.      **Finality of Judgment.**  The Judgment and Order shall be deemed final (a) 35 days after it is entered if no document is filed within that time seeking appeal, review, rehearing, reconsideration, or any other action regarding that judgment and order; or (b) if any such document is filed, 14 days after all appellate and/or other proceedings (including, but not limited to, proceedings in the Court in the event of a remand) have been finally terminated in such a manner as to permit no further judicial action, and with the Agreement, Preliminary Approval Order, and Judgment and Order being affirmed and approved in all material respects.

## TERMINATION

22.      **Termination of the Agreement**.  This Agreement is contingent on the final certification of the Settlement Class and the finality of the Judgment and Order as set forth above. The Parties shall have the right to terminate this Agreement, in their sole discretion and without further obligations, if any of the following events occur:

A.      The Court fails to approve this Agreement as written, or if on appeal, the Court's approval is reversed or modified;

B.      If any of objections to this Agreement are sustained; or

C.      If there are any material modifications to this Agreement (other than the correction of typographical errors) by the U.S. District Court for the Southern District of Indiana, the U.S. Court of Appeals for the Seventh Circuit, or the Supreme Court of the United States.

23.      **Notice of Termination**.  In the event that either Party exercises its right to terminate this Agreement, such termination must occur within ten (10) days of the action giving rise to such

option. If this Agreement is terminated, the terminating Party shall promptly notify the Court, opposing counsel, and the Claims Administrator in writing, and cause the Claims Administrator to notify the Class Members by posting information on the Settlement Website, and if termination occurs after the distribution of e-mail Class Notice (pursuant to Paragraph 15(A) herein), by sending an e-mail to all e-mail addresses to which notice was previously sent.

24.     **Effect of Termination**.  In the event that either Party exercises its right to terminate this Agreement, this Agreement shall be considered null and void and have no force or effect; no person or entity shall be bound by any of its terms or conditions; and the rights of all persons or entities with respect to the claims and defenses asserted in this Lawsuit shall be restored to the positions existing immediately prior to the execution of this Agreement.  Except as otherwise provided herein, in the event the Agreement is terminated, vacated, or fails to become effective for any reason, then the Parties to this Agreement shall be deemed to have reverted to their respective status in the Lawsuit as of the date of this Agreement, subject to the re-filing of any pending motions as necessary, and, except as otherwise expressly prohibited, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered. Any portion of the Settlement Payment previously paid by Angie's List, together with any interest earned thereon, less any taxes due with respect to such income, shall be returned to Angie's List by the Claims Administrator.  Provided, however, that in the event Angie's List terminates the Agreement, Settlement Class Counsel shall have five (5) days to notify the Claims Administrator of any objections to the return of such funds.  The Claims Administrator shall not return such funds to Angie's List until the expiration of that deadline.

## MISCELLANEOUS PROVISIONS

25.    **Compliance with Federal Law**.  Angie's List will comply with the requirements of 28 U.S.C. § 1715(b) at its own cost and shall file documentation with the Court to demonstrate such compliance.

26.    **Entire Agreement**.  This Agreement contains the entire agreement among the Parties and supersedes any prior agreements or understandings among them, including the "Term Sheet" agreed to on January 31, 2014.

27.    **Headings**.  The headings in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement.

28.    **No Rescission on Grounds of Mistake**.  The Parties acknowledge that they have made their own investigations of the matters covered by this Agreement to the extent they have deemed it necessary to do so.  The Parties shall cooperate to the extent necessary to respond to questions of fact that may be raised by non-parties to this Agreement during the approval process.  Therefore, the Parties agree that they will not seek to set aside any part of the Agreement on the grounds of mistake.  The Parties expressly assume the risk that any fact not recited in the Agreement may turn out to be different from or contrary to the facts now known to them or believed by them to be true, and further agree that the Agreement shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

29.    **Amendment or Modification**.  This Agreement may be amended or modified only by a written instrument signed by all Parties or their counsel and approved by the Court.

30.    **Construction**.  For the purpose of construing or interpreting this Agreement, the Parties agree that it is to be deemed to have been drafted equally by all Parties and shall not be construed strictly for or against any of the Parties.

31.    **Integration of Recital Paragraphs and Exhibits**.  The Recital paragraphs and exhibits to this Agreement are an integral and material part of the settlement and are hereby made a part of the Agreement.

32.    **Confidentiality of Mediation**.  Nothing herein shall constitute or be treated as a waiver of the confidentiality of the mediation of the Parties.  Notwithstanding the foregoing, the Parties may inform the Court that a settlement in principle resolving the case as to all Parties and all claims of members of the proposed Class was reached prior to any discussion or agreement upon the provisions of paragraphs 9(A) and 9(B) herein.

33.    **No Admission**.  Neither this Agreement, nor any of its provisions, nor any of the documents (including but not limited to drafts of the Agreement, the Preliminary Approval Order or the Judgment and Order), negotiations, or proceedings relating in any way to the settlement (including but not limited to the Term Sheet), shall be construed as or deemed to be evidence of an admission by any person, including Angie's List, and shall not be offered or received in evidence, or subject to discovery, in this or any other action except in an action brought to enforce the terms of the Agreement or except as may be required by law or court order.  The provisions of this paragraph shall be binding regardless of whether the Agreement is approved by the Court or any other court and regardless of whether the Agreement is cancelled in accordance with the terms provided in the Agreement.

34.    **Reservation of Rights**.  This Agreement is made without prejudice to the rights of Angie's List to: (a) oppose class certification in this Lawsuit should this Agreement not be approved or implemented; (b) oppose class certification in any other putative or certified class action, should those actions not be dismissed; or (c) use the certification of the Settlement Class to

30

oppose certification of any other proposed or existing class arising out of or related to the Released
Claims, should those actions not be dismissed.

35.   **Jurisdiction**.  For purposes of the Agreement, including, but not limited to, its
approval, interpretation, enforcement, and administration, the Court has jurisdiction over the
Parties, the Settlement Class Members, the Claims Administrator, the claims asserted in the
Lawsuit, claims made by the Settlement Class Members (including the determination of any
challenges thereto), and the claims and causes of action released in paragraph 14 herein.

36.   **Governing Law**.  This Agreement shall be governed by and construed in
accordance with the laws of the State of Indiana, applied without regard to laws applicable to
choice of law.

37.   **Counterparts**.  This Agreement may be executed in one or more counterparts,
including by facsimile or electronic transmission, all of which together shall constitute one and the
same instrument.

38.   **Notices**.  All notices to the Parties or counsel required by this Agreement shall be
made in writing and communicated by e-mail and U.S. Mail to the following addresses:

If to Plaintiff or the Settlement Class or Settlement Class Counsel:


Mindee J. Reuben
WEINSTEIN KITCHENOFF & ASHER LLC
1845 Walnut St., Suite 1100
Philadelphia, PA 19103
Reuben@wka-law.com

If to Angie's List or Angie's List's Counsel:

Judy S. Okenfuss
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Judy.Okenfuss@icemiller.com

**IN WITNESS WHEREIN**, the undersigned have caused this Agreement to be executed

as of the dates set forth below:

**ON BEHALF OF PLAINTIFF AND THE SETTLEMENT CLASS**

4/9/14

Date                                              Marie A. Fritzinger

Received and approved by:

Mindee J. Reuben
Jeremy S. Spiegel
WEINSTEIN KITCHENOFF & ASHER LLC
1845 Walnut St., Suite 1100
Philadelphia, PA 19103
(215) 545-7200

Irwin B. Levin
Richard E. Shevitz
Vess Allen Miller
Scott D. Gilchrist
COHEN & MALAD LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
(317) 636-6481

*Attorneys for Plaintiff, Marie Fritzinger*

32

ON BEHALF OF DEFENDANT ANGIE'S LIST, INC.

4 / 10 / 2014
_____
Date

By: _____

Its: _____CFO_____

Received and approved by:

_____
Michael A. Wukmer
Judy S. Okenfuss
George A. Gasper
Jenny R. Buchheit
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
(317) 236-2100

*Attorneys for Defendant, Angie's List Inc.*

# Exhibit 1

*PRITZINGER v. ANGIE'S LIST, INC.* **CLAIM FORM**

*Must Be Submitted By:  [date]*

## CLAIMANT INFORMATION

LAST NAME: [_____]    FIRST NAME: [_____]

E-MAIL ADDRESS USED FOR YOUR ANGIE'S LIST ACCOUNT **OR** YOUR CLAIMANT ID
(THIS WILL BE USED TO VERIFY YOUR CLAIM):

E-MAIL ADDRESS FOR FUTURE SETTLEMENT COMMUNICATIONS:
(IF DIFFERENT FROM ANGIE'S LIST ACCOUNT E-MAIL ADDRESS)

## SELECTED RELIEF
### (CHECK ONLY ONE BOX)

☐ Cash Payment in the Amount of $5.00*

☐ One month Angie's List membership

☐ Angie's List E-Commerce Voucher Worth $5.00

\* Those Selecting the Cash Payment Must Supply a Valid Mailing Address:

Street: [_____]

Apt/Suite: [_____]

Zip Code: [_____]

## CERTIFICATION

1. I certify that I am not an officer, director, shareholder, owner, employee, or agent of Angie's List (or its predecessors, successors, assigns, and/or any affiliated entities); a member of Brownstone Publishing, LLC; Angie's List's counsel; Settlement Class Counsel; a judge in this lawsuit; or an immediate family member of such persons;

2. I certify that I have not requested exclusion from the Settlement; and

3. I certify that the foregoing information supplied by the undersigned is true and correct to the best of my knowledge.

Signature**: [_____]

Date of Certification: [_____]

\*\*If the Claimant is not an individual, or if the Claimant is not the person completing the Certification, please also provide the capacity of the person signing (*e.g.*, Legal Representative, Executor, President, Trustee):

[_____]

**Reminder Checklist:**
1. Please electronically sign this Claim Form.
2. Keep a copy of your completed Claim Form for your records.
3. If you move or your name changes, please send your new information to Dahl Administration via the Settlement Website.

# Exhibit 2

RE:  *Fritzinger v. Angie's List: Class Action Settlement*

**This Notice is being sent to:  [[CLASS MEMBER NAME]]**

**CLAIMANT ID: [[XXXXXXXX]]**

**If you renewed your Angie's List Membership between January 1, 2009 and January 31, 2014, you may obtain one of the benefits described below. To learn more, read this email and visit [[WEBSITE]].**

LEGAL NOTICE: Your legal rights may be affected.  Read this Notice carefully.  The Federal Court for the Southern District of Indiana authorized this Notice after it preliminarily approved a Class Action Settlement in the case of *Fritzinger v. Angie's List, Inc.*, Cause No. 1:12-cv-1118-JMS-DML.

## Why You Are Receiving This Notice

You are receiving this Notice because the records on file at Angie's List indicate you are a Class Member eligible to recover under the Settlement.  The plaintiff alleges that Angie's List breached its Membership Agreement and was unjustly enriched because it allegedly charged renewing Angie's List members a fee greater than the fee charged to new members, and allegedly enrolled certain Angie's List Members in bundled memberships in certain markets.  Angie's List denies that any of the plaintiff's allegations are true, and denies that it is liable for any wrongdoing.  The parties have, however, agreed to settle this case in order to resolve their dispute without the expense, inconvenience and uncertainties of litigation.  Angie's List further desires to focus its resources on providing service to its members.  **All Settlement information, including Settlement terms and instructions on how to file a claim, opt-out, and/or object to this Settlement, can be found at [[WEBSITE]].**

## Options For Recovery

Class Members who submit a timely and valid Claim Form will have the option of choosing (1) a $5 cash payment (subject to a possible pro rata reduction); (2) a one month Angie's List Membership; or (3) a $5 Angie's List E-Commerce Voucher.  Class Members who do not choose one of these options will automatically receive the following:  (1) Current Angie's List Members will receive an automatic one month extension of their current Angie's List Membership; and (2) Former Angie's List Members will receive a $5 Angie's List E-Commerce Voucher emailed to the email address on file with Angie's List (no default award will be provided without a valid email address).  **To receive a monetary award, or to choose one of the options, you must submit a Claim Form by [[DATE]].**

The Claim Form must be completed online at [[WEBSITE – LINK TO CLAIM FORM]].

## Exclusions and Objections

You have a choice to stay in this Class Action Lawsuit.  If you submit a Claim Form or do nothing, you will receive a Settlement Award; your potential claims against Angie's List will be released; and you will be bound by all orders and judgments of the Court.  To remove yourself from the Lawsuit, you must file an Opt-Out Request.  If you stay in the Lawsuit, you may also object and

make a request to appear at the final approval hearing.  You may hire your own lawyer at your own expense; however, you do not have to have a lawyer to appear.  The Court has appointed Weinstein Kitchenoff & Asher LLC and Cohen & Malad, LLP as Class Counsel to represent the Settlement Class.   You may contact Class Counsel at Weinstein Kitchenoff & Asher LLC, Attention: Mindee J. Reuben, 1845 Walnut Street, Suite 1100, Philadelphia, PA 19103, or at ALSettlement@wka-law.com.  The Court has scheduled a final approval hearing on [[DATE]] at [[TIME]] in Courtroom [[XXX]] at the Federal Building & U.S. Courthouse, 46 East Ohio Street Indianapolis, IN 46204.  Do not contact either the Court or Angie's List about this Settlement.

DO NOT DELAY:  All Claim Forms must be submitted online by 11:59 p.m. Eastern Standard Time on [[DATE]].

# Exhibit 3

**If You Renewed Your Angie's List Membership Between January 1, 2009 and January 31, 2014, Read This Notice Carefully, as it Describes a Settlement that may Affect Your Rights**

LEGAL NOTICE: The Federal Court for the Southern District of Indiana authorized this Notice after it preliminarily approved a Class Action Settlement in the case of *Fritzinger v. Angie's List, Inc.*, Cause No. 1:12-cv-1118-JMS-DML. You are receiving this Notice because the records on file at Angie's List indicate you are a Class Member eligible to recover under the Settlement. The plaintiff alleges that Angie's List breached its Membership Agreement and was unjustly enriched because it allegedly charged renewing Angie's List members a fee greater than the fee charged to new members, and allegedly enrolled certain Angie's List Members in bundled memberships in certain markets. Angie's List denies that any of the plaintiff's allegations are true, and denies that it is liable for any wrongdoing. The parties have, however, agreed to settle this case in order to resolve their dispute without the expense, inconvenience and uncertainties of litigation. Angie's List further desires to focus its resources on providing service to its members.

Class Members who submit a timely and valid Claim Form will have the option of choosing (1) a $5 cash payment (subject to a possible pro rata reduction); (2) a one month Angie's List Membership; or (3) a $5 Angie's List E-Commerce Voucher. Class Members who do not choose one of these options will automatically receive the following: (1) Current Angie's List Members will receive an automatic one month extension of their current Angie's List Membership; and (2) Former Angie's List Members will receive a $5 Angie's List E-Commerce Voucher emailed to the email address on file with Angie's List (no default award will be provided to former members without a valid email address). **To receive a monetary award, or to choose one of the options, you must submit a Claim Form by [[DATE]].** The Claim Form must be completed online at [[WEBSITE]].

You have a choice to stay in this Class Action Lawsuit. If you submit a Claim Form or do nothing, your potential claims against Angie's List will be released and you will be bound by all orders and judgments of the Court. To remove yourself from the Lawsuit, you must file an Opt-Out Request. If you stay in the Lawsuit, you may also object and make a request to appear at the final approval hearing. You may hire your own lawyer at your own expense; however, you do not have to have a lawyer to appear. The Court has appointed Weinstein Kitchenoff & Asher LLC and Cohen & Malad, LLP as Class Counsel to represent the Settlement Class. You may contact Class Counsel at Weinstein Kitchenoff & Asher LLC, Attention: Mindee J. Reuben, 1845 Walnut Street, Suite 1100, Philadelphia, PA 19103, or at ALSettlement@wka-law.com. The Court has scheduled a final approval hearing on [[DATE]] at [[TIME]] in Courtroom [[XXX]] at the Federal Building & U.S. Courthouse, 46 East Ohio Street Indianapolis, IN 46204. Do not contact either the Court or Angie's List about this Settlement. All Settlement information, including instructions on how to file a claim, opt-out, and/or object to this Settlement, can be found at [[WEBSITE]].

DO NOT DELAY: All Claim Forms must be submitted by 11:59 p.m. Eastern Standard Time on [[DATE]].

**If You Renewed Your Angie's List Membership Between January 1, 2009 and January 31, 2014, Read This Notice Carefully, as it Describes a Settlement that may Affect Your Rights – you could be entitled to benefits under a class action settlement**

This is an official court notice from the United States District Court, Southern District of Indiana, Indianapolis Division.
*Fritzinger v. Angie's List, Inc.*
No. 1:12-cv-1118-JMS-DML

*AL Settlement*
c/o Dahl Administration
PO Box 3614
Minneapolis, MN 55403-0614

**CLAIMANT ID: [[XXXXXXX]]**

JANE CLAIMANT
555 ADDRESS
SEATTLE, WA  12345

First-Class
Mail
US Postage
Paid
Permit # __

# Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARIE FRITZINGER,

        Plaintiff,

     v.                          Case No. 1:12-cv-1118-JMS-DML

ANGIE'S LIST, INC.,

        Defendant.

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND
HEARING ON FINAL APPROVAL OF SETTLEMENT**

**IF YOU RENEWED YOUR ANGIE'S LIST MEMBERSHIP BETWEEN JANUARY 1,
2009 AND JANUARY 31, 2014, PLEASE READ THIS NOTICE CAREFULLY, AS IT
DESCRIBES A SETTLEMENT THAT MAY AFFECT YOUR RIGHTS**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

| **1.      What is this Lawsuit about?** |
| --- |

In the above-captioned lawsuit (the "Lawsuit"), Plaintiff Marie Fritzinger has alleged that
Angie's List breached its Membership Agreement and was unjustly enriched because it allegedly
charged renewing Angie's List members a fee greater than the fee charged to new members, and
allegedly enrolled certain Angie's List Members in bundled memberships in certain markets.
Plaintiff brought the Lawsuit on behalf of herself, as well as others who renewed their Angie's
List membership between January 1, 2009 and January 31, 2014.  Angie's List denies that any of
Plaintiff's allegations are true, and denies that it is liable for any wrongdoing.

The parties have, however, agreed to settle this case in order to resolve their dispute without the
expense, inconvenience, and uncertainties of litigation (the "Settlement").  Angie's List further
desires to focus its resources on providing service to its members.  All settlement information,
including the terms of the Settlement, instructions on how to file a claim, opt-out, and/or object
to this Settlement, can be found at [[WEBSITE]] (the "Settlement Website").

| **2.      What is a class action?** |
| --- |

In a class action, one or more people called Class Representatives (in this case, Marie Fritzinger),
sue on behalf of people who have similar claims.  All of these people are a Class or Class
Members.  One court resolves the issues for all Class Members, except for those who exclude

themselves from the Class.  U.S. District Judge Jane Magnus-Stinson and U.S. Magistrate Judge
Debra McVicker Lynch are in charge of this Lawsuit.

| **3.** | **Why is there a Settlement?** |
|---|---|

The Court did not decide in favor of Plaintiff or Defendant.  The Plaintiff thinks she could have
prevailed at a trial.  The Defendant thinks the Plaintiff would not have prevailed at trial.  But
there was no trial.  Instead, both sides agreed to the Settlement.  That way, they avoid the cost of
a trial, and the people affected will have an opportunity to receive compensation.  The Class
Representative and Class Counsel think the Settlement is fair and reasonable for all Class
Members.

| **4.** | **The Settlement Benefits – What You Get** |
|---|---|

The parties have agreed to the certification of this case as a class action for the purposes of
settlement only.  All Class Members are entitled to a benefit regardless of whether they submit a
claim.

Class Members who timely submit a valid Claim Form by [[DATE]], may elect to receive one of
the following: (1) A cash payment in the amount of $5.00, provided that the total cash payment
by Angie's List will not exceed $1.5 million; (2) a one-month Angie's List Membership, useable
in any market, fully transferrable, and good for up to two years; or (3) an Angie's List E-
Commerce Voucher worth $5.00, which will be fully transferrable and good for up to two years.
In the event the claims for cash payment exceed $1.5 million, each cash claim will be reduced on
a pro rata basis.

Class Members who do not submit a valid Claim Form will automatically receive the following:
(1) Current Angie's List Members will receive an automatic one-month extension of their current
Angie's List Membership; and (2) Former Angie's List Members will receive a Angie's List E-
Commerce Voucher worth $5.00, which will be fully transferrable and good for up to two years.
The E-Commerce Voucher will be emailed to the email address on file with Angie's List, and no
default award will be provided without a valid email address.

Additionally, Angie's List has agreed to amend its Membership Agreement, and explain in the
FAQ section on the Angie's List website, that Renewing Members may be charged a fee that is
different from the fee charged to New Members.  Further, so long as Angie's List offers New
Members the opportunity to purchase Angie's List Health as a separate product, Angie's List
will explain in the FAQ section on the Angie's List website that it allows Members in some
Markets to purchase subscriptions for Angie's List Health without also purchasing Angie's List
Home, and that Members should consult the "My Account" section of the Angie's List website
for relevant information.  Angie's List will include these changes until at least December 31,
2015.

The parties have further agreed that the costs to administer this Settlement, reasonable attorneys'
fees and costs to Class Counsel related to obtaining this Settlement, and an incentive award to
Ms. Fritzinger will be paid by Angie's List.  Class Counsel will seek an award of attorneys' fees

2

and costs in a total amount not exceeding $875,000.00.  Plaintiff will seek an incentive award in a total amount not exceeding $1,500.00.  The final amount of attorneys' fees and costs, as well as Plaintiff's incentive award, will be determined by the Court.  The attorneys' fees and costs, and any incentive award, will be paid over and above the Class benefits and will not diminish those benefits.

All Settlement Class Members who do not request exclusion from this Settlement will forever release all claims related to the allegations against Angie's List in the Lawsuit, from January 1, 2009 to January 31, 2014, inclusive, and be bound by all orders and judgments of the Court.

| 5. | Who is included in the Settlement? |
|---|---|

The parties have agreed that "Settlement Class Members" means all monthly and annual Angie's List Members who, from January 1, 2009 to January 31, 2014: (1) were allegedly charged a Renewal Fee that exceeded the lowest prevailing New Member Fee in their Market, and/or (2) were Members in a Market prior to that Market's conversion to Paid Health status and who were automatically renewed into a Bundle membership in the renewal immediately following that Market's conversion to Paid Health status, at a fee which allegedly resulted in damages. Excluded from the Settlement Class Members are: officers, directors, shareholders, owners, employees, or agents of Angie's List (or its predecessors, successors, assigns, and/or any affiliated entities); members of Brownstone Publishing, LLC; any member of the Settlement Class who timely and validly requests exclusion; Angie's List's Counsel; Settlement Class Counsel; any judge presiding over the Lawsuit; and any immediate family member of any such person(s).

| 6. | No Admission of Liability |
|---|---|

By entering into this Settlement, Angie's List does not admit that it is liable to Plaintiff and the Settlement Class.  Angie's List enters into this Settlement solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims, known or unknown, that have been or might have been asserted by the Plaintiff or the Settlement Class against it, concerning the matters alleged in the Lawsuit.

| 7. | What are my Options? |
|---|---|

**OPTION 1**: **Remain a member of the Settlement Class and submit a Claim.**  To do so you must submit the Claim Form(s) at the end of this notice to the Claims Administrator by [[DATE]].   You must submit the Claim Form(s) to the Claims Administrator on-line at [[WEBSITE]], on or before [[DATE]].  By remaining a member of the Settlement Class, you will be releasing Angie's List from liability as discussed above.

**OPTION 2: Take No Action.**  You are not obligated to take any action.  If you do nothing, you will remain a  member of the Settlement Class and will be provided the default award, depending upon your status as a current or former Angie's List Member. You will also release your potential claims against Angie's List and be bound by all orders and judgments of the Court.

**OPTION 3: Exclude Yourself From the Settlement Class.** If you fall within the Settlement Class definition, you will be a member of the Settlement Class unless you exclude yourself from the Settlement Class. You may exclude yourself from the Settlement by mailing notice to AL Settlement, c/o Dahl Administration, PO Box 3614, Minneapolis, MN 55403-0614, on or before [[DATE]]. Each notice must be in writing and include the name, address, and phone number of the person/entity seeking exclusion. Each notice must also include a signed statement that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the *Fritzinger v. Angie's List* litigation." If you timely exclude yourself from the Settlement, you will not be bound by the Settlement, and you will not receive a settlement award.

If you wish to bring your own individual action (at your expense) against Angie's List, you must exclude yourself from this Settlement.

**OPTION 4: Object to the Settlement.** You may object to this Settlement, or to Plaintiff's request for attorneys' fees, costs, and an incentive award, by filing an objection with the Clerk of the Court (see below for address of Court). Each objection must be in writing, and must contain the case name and number, and include a notice of intention to appear, a statement of membership in the Settlement Class, and the basis for your objection and any reason why you desire to appear and be heard (along with all documents that you desire the Court to consider), and must be submitted by [[DATE]]. You must sent a copy of any objection to Class Counsel (see address below) and to counsel for Angie's List: Judy Okenfuss, Ice Miller LLP, One American Square, Suite 2900, Indianapolis, IN 46282. If you do not submit a timely Objection in accordance with the requirements set forth above, you will not be treated as having filed a valid Objection to the Settlement. If you do file an Objection and wish it to be considered, you may also appear at the final approval hearing before Judge _____, Room ___ of the U.S. District Court for the Southern District of Indiana, Indianapolis Division, Federal Building & U.S. Courthouse, 46 East Ohio Street Indianapolis, IN 46204, on _____ at _____. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING. This hearing may be continued to another date without further notice to the Settlement Class.

| 9. | Who represents the Settlement Class Members? |
|---|---|

The Court has appointed the following attorneys to represent you and other members of the Settlement Class in this lawsuit:

Mindee J. Reuben
Jeremy S. Spiegel
WEINSTEIN KITCHENOFF & ASHER LLC
1845 Walnut St., Suite 1100
Philadelphia, PA 19103
ALSettlement@wka-law.com
(215) 545-7200 Ext. XXX


Richard E. Shevitz
COHEN & MALAD LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204

These attorneys represent your interests in this lawsuit. You may contact them with any questions that you have about the Lawsuit or the Settlement. You may also hire your own attorney at your own cost to enter an appearance on your behalf in this matter.

| 10. | How will Settlement Class Counsel be paid? |
|---|---|

Angie's List has agreed to pay Class Counsel an award of attorneys' fees and costs in a total amount not exceeding $875,000.00. As of now, Class Counsel's costs account for approximately $195,000 of that amount. Angie's List has also agreed to pay Plaintiff an incentive award in a total amount not exceeding $1,500.00. The final amount of attorneys' fees and costs, as well as Plaintiff's incentive award, will be determined by the Court.

| 11. | When will the Court hold a hearing to consider the Settlement? |
|---|---|

The Court will hold a hearing on the Settlement before Judge _____, Room ___ of the U.S. District Court for the Southern District of Indiana, Indianapolis Division, Federal Building & U.S. Courthouse, 46 East Ohio Street Indianapolis, IN 46204 on **_____ at _____**, to determine, among other things, (i) whether the Settlement will be approved as fair, adequate and reasonable; (ii) what amount, if any, to award class counsel for attorney's fees and costs in the Action; and (iii) what amount, if any, to award plaintiff for her services as class representative. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING. The hearing may be continued by the Court without further notice to class members. If the Court does not approve the Settlement, the class action will proceed, and you may or may not receive the award that this case may provide in the future.

| 12. | How can I obtain more information? |
|---|---|

To obtain detailed information concerning this Lawsuit or Settlement, you may visit the Settlement Website at [[WEBSITE]]. If you or your attorney require additional information, you should write or call Class Counsel at the addresses and telephone numbers listed above in paragraph 9 during regular business hours. Please include the case name and number, your name, and your current return address on any letters (not just the envelopes). Please do not contact Angie's List or its counsel; they are not in a position to give you any advice about this Litigation or Settlement.

PLEASE DO NOT CONTACT THE COURT FOR INFORMATION.

Dated: _____, **2014**        BY ORDER OF THE UNITED STATES DISTRICT
                                        COURT SOUTHERN DISTRICT OF INDIANA,
                                        INDIANAPOLIS DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARIE FRITZINGER,

              Plaintiff,

      v.                                  Case No. 1:12-cv-1118-JMS-DML

ANGIE'S LIST, INC.,

              Defendant.

## CLAIM FORM INSTRUCTIONS

In order for you to select your Settlement Award related to *Marie Fritzinger v. Angie's List, Inc.*, as described in the Notice of Class Action Settlement and Hearing on Final Approval of Settlement (the "Class Notice"), you must file the attached Claim Form electronically on the Settlement Website ([[WEBSITE]]).

## REQUIREMENTS FOR FILING A CLAIM FORM

Your claim will be considered only upon compliance with all of the following conditions:

1.      You must accurately complete all required portions of the attached Claim Form.

2.      You must electronically sign and submit this Claim Form and Certification via the Settlement Website, located at [[WEBSITE]].

        Upon completion of the on-line Claim Form, you will receive an acknowledgement that your claim has been submitted.  Your electronic signature and submission of the form shall conform to the requirements of the federal Electronic Signatures Act, 15 U.S.C. § 7001, et seq. and have the same force and effect as if you signed the form in hard copy.

3.      Your failure to complete and submit the Claim Form by [[DATE]], will result in you being provided the default award, depending upon your status as a current or former Angie's List member.

Submission of this Claim Form does not assure that you will receive your selected Settlement Award.  If the Claims Administrator disputes a material fact concerning your Claim, you will have the right to present information in a dispute resolution process.  For more information on this process, see Paragraph 12 of the Settlement Agreement, which is available at [[WEBSITE]].

***FRITZINGER v. ANGIE'S LIST, INC.* CLAIM FORM**

*Must Be Submitted By:  [date]*

## CLAIMANT INFORMATION

LAST NAME: ⬚                    FIRST NAME: ⬚

E-MAIL ADDRESS USED
FOR YOUR ANGIE'S LIST
ACCOUNT **OR** YOUR
CLAIMANT ID
(THIS WILL BE USED TO VERIFY YOUR
CLAIM):

E-MAIL ADDRESS FOR
FUTURE SETTLEMENT
COMMUNICATIONS:
( IF DIFFERENT FROM ANGIE'S LIST
ACCOUNT E-MAIL ADDRESS)

## SELECTED RELIEF
### (CHECK ONLY ONE BOX)

☐ Cash Payment in the Amount of $5.00*

☐ One month Angie's List membership

☐ Angie's List E-Commerce Voucher Worth $5.00

* Those Selecting the Cash Payment Must Supply a Valid Mailing Address:

Street: ⬚

Apt/Suite: ⬚

Zip Code: ⬚

## CERTIFICATION

1.  I certify that I am not an officer, director, shareholder, owner, employee, or agent of Angie's List (or its predecessors, successors, assigns, and/or any affiliated entities); a member of Brownstone Publishing, LLC; Angie's List's counsel; Settlement Class Counsel; a judge in this lawsuit; or an immediate family member of such persons;

2.  I certify that I have not requested exclusion from the Settlement; and

3.  I certify that the foregoing information supplied by the undersigned is true and correct to the best of my knowledge.

Signature**: ⬚

Date of Certification: ⬚

**If the Claimant is not an individual, or if the Claimant is not the person completing the Certification, please also provide the capacity of the person signing (*e.g.*, Legal Representative, Executor, President, Trustee):

⬚

### Reminder Checklist:
1.  Please electronically sign this Claim Form.
2.  Keep a copy of your completed Claim Form for your records.
3.  If you move or your name changes, please send your new information to Dahl Administration via the Settlement Website.

# Exhibit 5

*If You Renewed Your Angie's List Membership Between January 1, 2009 and
January 31, 2014, Please Read This Notice Carefully, as it Describes a Settlement
that may Affect Your Rights*

**Angie's List Members who renewed their membership between January 1, 2009
and January 31, 2014, and (1) paid a renewal fee that exceeded the lowest
prevailing new member fee in their market, or (2) were enrolled in a Bundled
membership in certain markets, may be entitled to $5 cash payment, a one
month Angie's List membership, or a $5 Angie's List E-Commerce Voucher.**

## SUMMARY NOTICE OF CLASS ACTION SETTLEMENT

This Notice involves a class-wide settlement in the lawsuit titled *Fritzinger v. Angie's
List, Inc.*, No. 1:12-cv-1118-JMS-DML, pending in the U.S. District Court for the
Southern District of Indiana.  The plaintiff alleges that Angie's List breached its
Membership Agreement and was unjustly enriched because it allegedly charged
renewing Angie's List members a fee greater than the fee charged to new members,
and allegedly enrolled certain Angie's List members in bundled memberships in
certain markets.  Angie's List denies that any of the plaintiff's allegations are true, and
denies that it is liable for any wrongdoing.

The parties have, however, agreed to settle this case in order to resolve their dispute
without the expense, inconvenience and uncertainties of litigation.  Angie's List
further desires to focus its resources on providing service to its members.  Under the
terms of the proposed settlement, Class Members who submit a timely and valid
Claim Form will have the option of choosing (1) a $5 cash payment (subject to a
possible pro rata reduction); (2) a one month Angie's List Membership; or (3) a $5
Angie's List E-Commerce Voucher.  Class Members who do not choose one of these
options will automatically receive the following: (1) Current Angie's List Members
will receive an automatic one month extension of their current Angie's List
Membership; and (2) Former Angie's List Members will receive a $5 Angie's List E-
Commerce Voucher emailed to the email address on file with Angie's List (no default
award will be provided without a valid email address).  **To receive a monetary
award, or to choose one of the options, you must submit a Claims Form by
[[DATE]].**

The Court has given preliminary approval to the Settlement and approved this Notice,
but has not yet given final approval to the Settlement.  Detailed Settlement
information, including Settlement terms and instructions on how to file a claim, opt-
out, and/or object to this Settlement, can be found at [[WEBSITE]].

**IF YOU BELIEVE YOU ARE A CLASS MEMBER ELIGIBLE TO RECOVER UNDER THE
SETTLEMENT AGREEMENT, YOU HAVE FOUR CHOICES:**

**(1) Submit a Claim:**  You may submit a claim online at the Settlement Website at
[[WEBSITE]].  The completed Claim Form must be submitted by [[DATE]].

**(2) Take No Action:** You are not obligated to take any action.   If you do nothing, you will remain a member of the Settlement Class and will be provided the default award, depending upon your status as a current or former Angie's List Member. You will also release your potential claims against Angie's List and be bound by all orders and judgments of the Court.

**(3) Opt Out of the Settlement:** You may exclude yourself from the Settlement by mailing notice to AL Settlement, c/o Dahl Administration, PO Box 3614, Minneapolis, MN 55403-0614, on or before [[DATE]].  Each notice must be in writing and include the name, address, and phone number of the person/entity seeking exclusion.  Each notice must also include a signed statement that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the *Fritzinger v. Angie's List* litigation."   If you timely opt-out of the Settlement, you will not be bound by the Settlement, and you will not receive a settlement award.

**(4) Object:** You may object to this Settlement by filing an objection with the Clerk of the Court (see below for address of Court).  Each objection must be in writing, and must contain the case name and number, and include a notice of intention to appear, a statement of membership in the Settlement Class, and the basis for your objection and any reason why you desire to appear and be heard (along with all documents that you desire the Court to consider), and must be submitted by [[DATE]].   You must send a copy of any objection to Class Counsel (see address below) and to counsel for Angie's List:  Judy Okenfuss, Ice Miller LLP, One American Square, Suite 2900, Indianapolis, IN 46282.

The Court has appointed Weinstein Kitchenoff & Asher LLC and Cohen & Malad, LLP as Class Counsel to represent the Settlement Class.  To obtain detailed information concerning this Settlement, you may visit the Settlement Website at [[WEBSITE]] or contact Class Counsel at Weinstein Kitchenoff & Asher LLC, Attention: Mindee J. Reuben, 1845 Walnut Street, Suite 1100, Philadelphia, PA 19103, or at ALSettlement@wka-law.com. Do not contact either the Court or Angie's List (or its counsel) about this Settlement.

Each choice may have certain risks and consequences.  You have the right to discuss your decision with Class Counsel or with your own attorney, and you may enter an appearance through an attorney at your own cost.  You have the right to appear at (but are not required to attend) the final approval hearing at [[TIME]] on [[DATE]] at the Federal Building & U.S. Courthouse, 46 East Ohio Street Indianapolis, IN 46204.

DO NOT DELAY:  All Claim Forms must be submitted by 11:59 p.m. Eastern Standard Time on [[DATE]].

# Exhibit 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARIE FRITZINGER,

                    Plaintiff,

      v.                                  Case No. 1:12-cv-1118-JMS-DML

ANGIE'S LIST, INC.,

                    Defendant.

**ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AGREEMENT**

This matter is before the Court on Plaintiff Marie Fritzinger's Motion for Preliminary

Approval of Settlement, which seeks approval under Rule 23(e) of a class action settlement

between Marie Fritzinger ("Plaintiff"), individually and on behalf of the stipulated Class defined

below, and Angie's List, Inc. ("Angie's List or "Defendant").

The Court has reviewed the April 10, 2014 Settlement Agreement and attached exhibits,

as well as Plaintiff's motion and memorandum in support thereof.  Based on these filings, the

Court finds that there is a sufficient basis for preliminarily approving the Settlement as fair,

reasonable and adequate within the meaning of Fed. R. Civ. P. 23, and therefore authorizes the

steps, including the dissemination of class notice, necessary to determine whether the Settlement

Agreement should be finally approved and the Litigation dismissed. Accordingly,

        It is ORDERED, ADJUDGED and DECREED as follows:

        1.        To the extent not otherwise defined herein, all capitalized terms shall have

the meanings attributed to them in the Settlement Agreement.

2.      Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and for purposes of the

Settlement only, the Court preliminarily certifies a Settlement Class consisting of the

following:

> All monthly and annual Angie's List Members who, from January 1, 2009 to
> January 31, 2014: (1) paid a Renewal Fee that exceeded the lowest prevailing
> New Member Fee in their Market, and/or (2) were Members in a Market prior to
> that Market's conversion to Paid Health status and who were automatically
> renewed into a Bundle membership in the renewal immediately following that
> Market's conversion to Paid Health status, at a fee which allegedly resulted in
> damages.
>
> Excluded from the Settlement Class are: officers, directors, shareholders, owners,
> employees, or agents of Angie's List (or its predecessors, successors, assigns,
> and/or any affiliated entities); members of Brownstone Publishing, LLC; any
> member of the Settlement Class who timely and validly requests exclusion as
> provided in paragraph 18 herein; Angie's List's counsel; Settlement Class
> Counsel (as defined herein); any judge in this Lawsuit; and any immediate family
> member of any such person(s).

3.      For the purposes of the Settlement only, the Court preliminarily finds that

the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been

satisfied because:  (i) the Class Members are so numerous that joinder of all Class

Members is impracticable; (ii) there are questions of law and fact common to the

Class Members; (iii) Plaintiff's claims are typical of the Class Members' claims; (iv)

Plaintiff will fairly and adequately represent the interests of the Class; (v) the

questions of law and fact common to the Class Members predominate over any

questions affecting only individual Class Members; and (vi) certifying the Class in

this action is superior to other available methods for the fair and efficient adjudication

of the controversy.

4.      In addition, the Court finds that by not objecting to the certification of the

Settlement Class for settlement purposes and by taking other steps to negotiate,

2

execute, and implement the Settlement Agreement, Defendant has not waived any arguments that it has or may have to opposing class certification absent this Settlement Agreement. If the proposed Settlement is not finally approved by the Court, the Court will fully disregard and not consider any act relating to the negotiation, execution, or implementation of the Settlement Agreement, certification of the Class for settlement purposes only, or Defendant's lack of objection to Plaintiff's class certification motion when deciding any class certification issues. In that event, Defendant may object to class certification on any basis.

5.      Pursuant to Fed. R. Civ. P. 23, the Court preliminarily approves Marie Fritzinger as Settlement Class representative for all purposes. Pursuant to Fed. R. Civ. P. 23(g), the Court preliminarily appoints Mindee Reuben and Jeremy Spiegel of Weinstein Kitchenoff & Asher LLC and Richard Shevitz of Cohen & Malad, LLP as counsel for the Settlement Class ("Settlement Class Counsel").

6.      The Court finds that: (i) the proposed Settlement Agreement resulted from extensive arm's-length negotiations; (ii) Settlement Class Counsel conducted a thorough investigation and analysis of the facts necessary to evaluate the strength of Plaintiff's claims and whether the proposed settlement is fair, reasonable, and adequate; and (iii) the terms of the proposed Settlement contained in the Settlement Agreement are sufficiently within the range of reasonableness to warrant sending the Class the Notice attached as Exhibits 2-5 to the Settlement Agreement and holding a full hearing on the proposed Settlement. Accordingly, the Court grants preliminary approval of the Settlement.

3

7.      Notice of this Order certifying the Class for settlement purposes and preliminarily approving the Settlement Agreement will be provided to all Class Members as described in the Settlement Agreement. The Notices attached to the Settlement Agreement as Exhibit 2-5 and the Claim Form attached to the Settlement Agreement as Exhibit 1 are preliminarily approved, subject to any amendment required to conform them to this Order. The Court preliminarily finds that these documents adequately advise Class Members of their rights under the terms of the Settlement. The Court further preliminarily finds that the methods of notification proposed in the Settlement Agreement constitute the best notice to all persons within the Class definition that is practicable under the circumstances. Thus, the form and method of notice comply with the Due Process Clause of the United States Constitution and Federal Rule of Civil Procedure 23.

8.      Dahl Administration is approved as the Claims Administrator. As stated in the Settlement Agreement, Defendant will pay all Notice and Administration Expenses.

9.      As described in the Settlement Agreement, upon entry of this Order, the Claims Administrator will establish the Settlement Website, which shall contain, or provide hypertext links to, the following documents: the Settlement Agreement, the Claim Form, the Notice of Proposed Class Action Settlement, in the form attached as Exhibit 4 to the Settlement Agreement, the Motion for Preliminary Approval of Settlement and Memorandum in support thereof, the Preliminary Approval Order, the Motion for Attorneys' Fees, Expenses and Incentive Award, and documents filed by Plaintiff or Angie's List with the Court in support of final approval of this

4

Agreement.  The Settlement Website will also provide for the electronic submission of Claim Forms.  The Settlement Website shall be maintained for at least the time period from Preliminary Approval of the Agreement until the latter of the deadlines for opt-outs, objections, and election of recovery.

10.     Within 15 days after the entry of this Order, notice of the Agreement, in the form attached as Exhibit 2 to the Settlement Agreement, will be sent to each Settlement Class member at the e-mail address on record at Angie's List, by a third-party retained by Angie's List ("E-Mail Notice").

11.     For any such e-mail transmission of the E-Mail Notice that is undeliverable, the Claims Administrator will send written notice of the agreement in the form attached as Exhibit 3 to the Settlement Agreement ("Postcard Notice"), by first-class mail, postage prepaid, to the last-known address of each such Settlement Class Member, as reflected in Angie's List's records.

12.     Further, within 15 days after entry of the Preliminary Approval Order, Angie's List will provide notice by publication, in the form attached as Exhibit 5 to the Settlement Agreement, in a national publication, such as USA Today, for three (3) days ("Publication Notice").

13.     Prior to the Final Settlement Hearing, the Claims Administrator shall provide to the Court, in a sworn statement, a report on the efficacy of the Notice program established in paragraphs 9-12 herein.

14.     Any Settlement Class Member who wishes to request exclusion from the Settlement Class must send a letter to the Claims Administrator that states the name, address, and phone number of the person or entity seeking exclusion.  Each request

5

must also contain a signed statement that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the *Fritzinger v. Angie's List* litigation."

15.     The requests for exclusion must be postmarked on or before [60 DAYS AFTER PRELIMINARY APPROVAL ORDER] and addressed to:

AL Settlement
c/o Dahl Administration
PO Box 3614
Minneapolis, MN 55403-0614

The date of the postmark on the mailing envelope will be the exclusive means used to determine whether an opt out request has been timely submitted. Any envelope with an illegible post-mark will be treated as being mailed three business days before the Claims Administrator received the submission. Any Class Member who does not opt out in the time and manner provided above will be deemed to have waived his/her right to opt out and will be bound by the terms of the Settlement Agreement.

16.     Settlement Class Members who wish to object to the Settlement must file with the Court and serve on Settlement Class Counsel and Defendant's Counsel, no later than [DATE 28 DAYS BEFORE FINAL SETTLEMENT HEARING], a written objection that includes (a) a notice of intention to appear, (b) a statement of membership in the Settlement Class, and (c) the specific grounds for the objections and any reasons why the Class Member desires to appear and be heard, as well as all documents that the Class Member desires the Court to consider.  Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his, her, or its objections and shall be forever barred from making any such objections in the Lawsuit or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate or modify any approval of the Agreement, the Motion for Fees, or

the Motion for Incentive Award.  In the event that any Class Member objects to the settlement in the manner prescribed herein, Plaintiff and Angie's List shall be afforded full opportunity to respond to such objection.

17.     Settlement Class Members who wish to elect a Settlement Benefit, rather than receiving the applicable default benefit, must electronically submit a timely Claim Form to the Claims Administrator in the manner provided in the Settlement Agreement.

18.     A Final Settlement Hearing shall be held at the courtroom of Judge Jane Magnus-Stinson, Courtroom 307, Birch Bayh Federal Building & U.S. Courthouse, 46 East Ohio Street, Indianapolis, IN 46204, on [DATE] at [TIME] to determine: (i) whether the Court should find the proposed settlement is fair, reasonable, and adequate, and enter an order finally approving it; (ii) whether the Court should dismiss the Litigation with prejudice; (iii) the amount to award Class Counsel in Class Counsel's Fees; (iv) the amount of any Class Representative Awards; and (v) any other relevant matters. The Court may continue the Final Settlement Hearing without further notice to the Class.

19.     Plaintiff shall file and serve upon Defendant's Counsel all papers in support of final approval of the Settlement and approval of Class Counsel's Fees and a Class Representative Award at least forty-two (42) days before the Final Settlement Hearing.

20.     The Parties will file and serve upon opposing counsel all papers responding to any objections, and any other necessary filings, fourteen (14) days before the Final Settlement Hearing.

7

21.     No later than forty-two (42) days before the Final Settlement Hearing, Defendant shall cause to be filed with the Court proof, such as verification by affidavit, that they have timely served notifications of this Settlement on the United States Attorney General and appropriate state officials pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, 7-8 (2005) (codified at 28 U.S.C. § 1715).

22.     This Order will become null and void, and will be without prejudice to the rights of the Parties, all of whom are restored to their respective positions existing immediately before this Court entered this Order, if: (i) the proposed Settlement is not finally approved by the Court; or (ii) the proposed Settlement is terminated in accordance with the Settlement Agreement or does not become effective under the terms of the Settlement Agreement for any other reason.  In such event, all negotiations, proceedings, documents prepared, and statements made in connection with the Settlement will be without prejudice to the parties, will not be deemed or construed to be an admission or confession by the parties of any fact, matter, or proposition of law, and will not be used in any manner for any purpose, and all parties to the action will stand in the same position as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In addition, this Order will not be construed or used as an admission, concession or declaration by or against Defendant of any fault, wrongdoing, breach or liability, or as a waiver by Defendant of any defenses or claims they may have.

Dated: _____

_____
Judge, United States District Court
Southern District of Indiana