UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARIE FRITZINGER,

            Plaintiff,

  v.

ANGIE'S LIST, INC.,

            Defendant.

Case No. 1:12-cv-1118-JMS-DML

**ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AGREEMENT**

This matter is before the Court on Plaintiff Marie Fritzinger's Motion for Preliminary Approval of Settlement, which seeks approval under Rule 23(e) of a class action settlement between Marie Fritzinger ("Plaintiff"), individually and on behalf of the stipulated Class defined below, and Angie's List, Inc. ("Angie's List or "Defendant").

The Court has reviewed the April 10, 2014 Settlement Agreement and attached exhibits, as well as Plaintiff's motion and memorandum in support thereof.  Based on these filings, the Court finds that there is a sufficient basis for preliminarily approving the Settlement as fair, reasonable and adequate within the meaning of Fed. R. Civ. P. 23, and therefore authorizes the steps, including the dissemination of class notice, necessary to determine whether the Settlement Agreement should be finally approved and the Litigation dismissed. Accordingly,

It is ORDERED, ADJUDGED and DECREED as follows:

1.    To the extent not otherwise defined herein, all capitalized terms shall have the meanings attributed to them in the Settlement Agreement.

1

2. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and for purposes of the Settlement only, the Court preliminarily certifies a Settlement Class consisting of the following:

> All monthly and annual Angie's List Members who, from January 1, 2009 to January 31, 2014: (1) paid a Renewal Fee that exceeded the lowest prevailing New Member Fee in their Market, and/or (2) were Members in a Market prior to that Market's conversion to Paid Health status and who were automatically renewed into a Bundle membership in the renewal immediately following that Market's conversion to Paid Health status, at a fee which allegedly resulted in damages.
>
> Excluded from the Settlement Class are: officers, directors, shareholders, owners, employees, or agents of Angie's List (or its predecessors, successors, assigns, and/or any affiliated entities); members of Brownstone Publishing, LLC; any member of the Settlement Class who timely and validly requests exclusion as provided in paragraph 18 herein; Angie's List's counsel; Settlement Class Counsel (as defined herein); any judge in this Lawsuit; and any immediate family member of any such person(s).

3. For the purposes of the Settlement only, the Court preliminarily finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied because: (i) the Class Members are so numerous that joinder of all Class Members is impracticable; (ii) there are questions of law and fact common to the Class Members; (iii) Plaintiff's claims are typical of the Class Members' claims; (iv) Plaintiff will fairly and adequately represent the interests of the Class; (v) the questions of law and fact common to the Class Members predominate over any questions affecting only individual Class Members; and (vi) certifying the Class in this action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. In addition, the Court finds that by not objecting to the certification of the Settlement Class for settlement purposes and by taking other steps to negotiate,

execute, and implement the Settlement Agreement, Defendant has not waived any arguments that it has or may have to opposing class certification absent this Settlement Agreement. If the proposed Settlement is not finally approved by the Court, the Court will fully disregard and not consider any act relating to the negotiation, execution, or implementation of the Settlement Agreement, certification of the Class for settlement purposes only, or Defendant's lack of objection to Plaintiff's class certification motion when deciding any class certification issues. In that event, Defendant may object to class certification on any basis.

5. Pursuant to Fed. R. Civ. P. 23, the Court preliminarily approves Marie Fritzinger as Settlement Class representative for all purposes. Pursuant to Fed. R. Civ. P. 23(g), the Court preliminarily appoints Mindee Reuben and Jeremy Spiegel of Weinstein Kitchenoff & Asher LLC and Richard Shevitz of Cohen & Malad, LLP as counsel for the Settlement Class ("Settlement Class Counsel").

6. The Court finds that: (i) the proposed Settlement Agreement resulted from extensive arm's-length negotiations; (ii) Settlement Class Counsel conducted a thorough investigation and analysis of the facts necessary to evaluate the strength of Plaintiff's claims and whether the proposed settlement is fair, reasonable, and adequate; and (iii) the terms of the proposed Settlement contained in the Settlement Agreement are sufficiently within the range of reasonableness to warrant sending the Class the Notice attached as Exhibits 2-5 to the Settlement Agreement and holding a full hearing on the proposed Settlement. Accordingly, the Court grants preliminary approval of the Settlement.

7. Notice of this Order certifying the Class for settlement purposes and preliminarily approving the Settlement Agreement will be provided to all Class Members as described in the Settlement Agreement. The Notices attached to the Settlement Agreement as Exhibit 2-5 and the Claim Form attached to the Settlement Agreement as Exhibit 1 are preliminarily approved, subject to any amendment required to conform them to this Order. The Court preliminarily finds that these documents adequately advise Class Members of their rights under the terms of the Settlement. The Court further preliminarily finds that the methods of notification proposed in the Settlement Agreement constitute the best notice to all persons within the Class definition that is practicable under the circumstances. Thus, the form and method of notice comply with the Due Process Clause of the United States Constitution and Federal Rule of Civil Procedure 23.

8. Dahl Administration is approved as the Claims Administrator. As stated in the Settlement Agreement, Defendant will pay all Notice and Administration Expenses.

9. As described in the Settlement Agreement, upon entry of this Order, the Claims Administrator will establish the Settlement Website, which shall contain, or provide hypertext links to, the following documents: the Settlement Agreement, the Claim Form, the Notice of Proposed Class Action Settlement, in the form attached as Exhibit 4 to the Settlement Agreement, the Motion for Preliminary Approval of Settlement and Memorandum in support thereof, the Preliminary Approval Order, the Motion for Attorneys' Fees, Expenses and Incentive Award, and documents filed by Plaintiff or Angie's List with the Court in support of final approval of this

Agreement. The Settlement Website will also provide for the electronic submission of Claim Forms. The Settlement Website shall be maintained for at least the time period from Preliminary Approval of the Agreement until the latter of the deadlines for opt-outs, objections, and election of recovery.

10. Within 15 days after the entry of this Order, notice of the Agreement, in the form attached as Exhibit 2 to the Settlement Agreement, will be sent to each Settlement Class member at the e-mail address on record at Angie's List, by a third-party retained by Angie's List ("E-Mail Notice").

11. For any such e-mail transmission of the E-Mail Notice that is undeliverable, the Claims Administrator will send written notice of the agreement in the form attached as Exhibit 3 to the Settlement Agreement ("Postcard Notice"), by first-class mail, postage prepaid, to the last-known address of each such Settlement Class Member, as reflected in Angie's List's records.

12. Further, within 15 days after entry of the Preliminary Approval Order, Angie's List will provide notice by publication, in the form attached as Exhibit 5 to the Settlement Agreement, in a national publication, such as USA Today, for three (3) days ("Publication Notice").

13. Prior to the Final Settlement Hearing, the Claims Administrator shall provide to the Court, in a sworn statement, a report on the efficacy of the Notice program established in paragraphs 9-12 herein.

14. Any Settlement Class Member who wishes to request exclusion from the Settlement Class must send a letter to the Claims Administrator that states the name, address, and phone number of the person or entity seeking exclusion. Each request

must also contain a signed statement that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the *Fritzinger v. Angie's List* litigation."

15. The requests for exclusion must be postmarked on or before [60 DAYS AFTER PRELIMINARY APPROVAL ORDER] and addressed to:

> AL Settlement
> c/o Dahl Administration
> PO Box 3614
> Minneapolis, MN 55403-0614

The date of the postmark on the mailing envelope will be the exclusive means used to determine whether an opt out request has been timely submitted. Any envelope with an illegible post-mark will be treated as being mailed three business days before the Claims Administrator received the submission. Any Class Member who does not opt out in the time and manner provided above will be deemed to have waived his/her right to opt out and will be bound by the terms of the Settlement Agreement.

16. Settlement Class Members who wish to object to the Settlement must file with the Court and serve on Settlement Class Counsel and Defendant's Counsel, no later than **August 20, 2014** a written objection that includes (a) a notice of intention to appear, (b) a statement of membership in the Settlement Class, and (c) the specific grounds for the objections and any reasons why the Class Member desires to appear and be heard, as well as all documents that the Class Member desires the Court to consider. Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his, her, or its objections and shall be forever barred from making any such objections in the Lawsuit or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate or modify any approval of the Agreement, the Motion for Fees, or the Motion for Incentive Award. In the event that

any Class Member objects to the settlement in the manner prescribed herein, Plaintiff and Angie's List shall be afforded full opportunity to respond to such objection.

17. Settlement Class Members who wish to elect a Settlement Benefit, rather than receiving the applicable default benefit, must electronically submit a timely Claim Form to the Claims Administrator in the manner provided in the Settlement Agreement.

18. A Final Settlement Hearing shall be held at the courtroom of Judge Jane Magnus-Stinson, Courtroom 307, Birch Bayh Federal Building & U.S. Courthouse, 46 East Ohio Street, Indianapolis, IN 46204, on **September 17, 2014 at 2:00 p.m.** to determine: (i) whether the Court should find the proposed settlement is fair, reasonable, and adequate, and enter an order finally approving it; (ii) whether the Court should dismiss the Litigation with prejudice; (iii) the amount to award Class Counsel in Class Counsel's Fees; (iv) the amount of any Class Representative Awards; and (v) any other relevant matters. The Court may continue the Final Settlement Hearing without further notice to the Class.

19. Plaintiff shall file and serve upon Defendant's Counsel all papers in support of final approval of the Settlement and approval of Class Counsel's Fees and a Class Representative Award at least forty-two (42) days before the Final Settlement Hearing.

20. The Parties will file and serve upon opposing counsel all papers responding to any objections, and any other necessary filings, fourteen (14) days before the Final Settlement Hearing.

21. No later than forty-two (42) days before the Final Settlement Hearing, Defendant shall cause to be filed with the Court proof, such as verification by affidavit, that they have timely served notifications of this Settlement on the United States Attorney General and appropriate state officials pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, 7-8 (2005) (codified at 28 U.S.C. § 1715).

22. This Order will become null and void, and will be without prejudice to the rights of the Parties, all of whom are restored to their respective positions existing immediately before this Court entered this Order, if: (i) the proposed Settlement is not finally approved by the Court; or (ii) the proposed Settlement is terminated in accordance with the Settlement Agreement or does not become effective under the terms of the Settlement Agreement for any other reason. In such event, all negotiations, proceedings, documents prepared, and statements made in connection with the Settlement will be without prejudice to the parties, will not be deemed or construed to be an admission or confession by the parties of any fact, matter, or proposition of law, and will not be used in any manner for any purpose, and all parties to the action will stand in the same position as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In addition, this Order will not be construed or used as an admission, concession or declaration by or against Defendant of any fault, wrongdoing, breach or liability, or as a waiver by Defendant of any defenses or claims they may have.

Dated: 04/17/2014

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

8

DISTRIBUTION TO:

Counsel of Record (Via ECF)

Case 1:12-cv-01118-JMS-DML   Document 126   Filed 04/17/14   Page 9 of 9 PageID #: 2468