UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARIE FRITZINGER,<br>    *Plaintiff*,<br><br>    *vs.*<br><br>ANGIE'S LIST, INC.,<br>    *Defendant.* | )<br>)<br>)<br>)   1:12-cv-01118-JMS-DML<br>)<br>)<br>) |

**<u>ORDER</u>**

Plaintiff Marie Fritzinger and Defendant Angie's List, Inc. ("Angie's List") entered into a Settlement Agreement to fully and finally resolve all claims pending against Defendant. On April 17, 2014, the Court granted preliminary approval of the proposed Settlement between the Plaintiff and Defendant ("Preliminary Approval Order"). [Filing No. 129.] The Court authorized dissemination of notice of the Settlement and the Final Settlement Hearing to the Settlement Class. [Filing No. 129.] Notice was disseminated to the Settlement Class in accordance with the Preliminary Approval Order, and a Final Settlement Hearing was held on September 17, 2014. One objection was made to the settlement. [Filing No. 130.]

Having now considered the Plaintiff's and all others' written submissions, including the parties' response to the areas of inquiry noticed by the Court, [Filing No. 137], oral argument and counsel's responses to the Court's questions at the Final Settlement Hearing, and all evidence and records filed in this matter in connection with the proposed settlement, and having already held, for the reasons set out in detail in the Court's Order Granting Preliminary Approval of Settlement that: (i) the Court has jurisdiction over this action; (ii) the Settlement satisfies Fed. R. Civ. P. 23(e)(2)'s requirement that it be "fair, adequate, and reasonable"; (iii) the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a)-(b); and (iv) the notice provided to the Settlement Class

satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B), (e)(1), and the due process requirements of the Constitution **IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Court has jurisdiction over this Litigation.

2. The terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement.

3. The Court hereby certifies, for settlement purposes only, the following Settlement Class pursuant to Fed. R. Civ. P. 23 and reaffirms its appointment of Settlement Class Counsel on behalf of this class:

> All monthly and annual Angie's List members who, from January 1, 2009 to January 31, 2014: 1) paid a renewal fee that exceeded the lowest prevailing new member fee in the their market, and/or 2) were members in a market prior to that market's conversion to "paid health" status and who were automatically renewed into a Bundle membership in the renewal immediately following that market's conversion to "paid health" status, at a fee which allegedly resulted in damages.

> Excluded from the Settlement Class Members are: officers, directors, employees, or agents of Angie's List (or its predecessors, successors, assigns, and/or any affiliated entities); members of Brownstone Publishing, LLC; any member of the Settlement Class who timely and validly requests exclusion; Angie's List's counsel; Settlement Class Counsel; any judge in this Lawsuit; and any immediate family member of any such person(s).

4. Certification of the Settlement Class is done for settlement purposes only. As part of the Settlement, Defendant has not objected to certification of the Settlement Class. In the event any portion of the Settlement or this Order or the Final Judgment issued on this date is ultimately reversed, vacated, or modified in any material respect on appeal, and any portion of the Litigation continues, the Settlement Agreement shall have no force or effect; the Parties shall be restored, without waiver, to their respective positions prior to January 31, 2014; certification of the Settlement Class shall be vacated; the Lawsuit shall proceed as though the Settlement Class had never

been certified and the Motion for Preliminary Approval of Settlement and supporting memorandum had not been filed; and Angie's List shall have the right to oppose the certification of any plaintiff class.[1]

5. Notice to Class Members has been provided in accordance with the notice requirements specified by the Court in the Preliminary Approval Order. Such notice: (i) constituted the best notice to Class Members that was practicable under the circumstances; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of their right to object and to appear at the Final Settlement Hearing and the binding effect of a class judgment; (iii) was reasonable and constituted due, adequate and sufficient notice to Persons entitled to be provided with notice; and (iv) fully complied with the requirements of due process and the Federal Rules of Civil Procedure.

6. The Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), requires that certain federal and state governmental officials be given notice of a proposed class action settlement. Defendant gave CAFA notice to the United States Attorney General and to the Attorneys General of all fifty states, as well as the Attorneys General of the District of Columbia, Gram, Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands. The Court finds that the Defendant's notice obligations under CAFA, and specifically 28 U.S.C. § 1715(b), have been satisfied and any notice required thereunder has been provided.

7. For the reasons that follow, the Settlement is fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e)(2) and is approved in its entirety.

---

[1] Given the certification of the above-described class pursuant to the terms of the settlement, the Court **DENIES AS MOOT** Plaintiff's pending Amended Motion to Certify Class. [Filing No. 88.]

First, the Court received one objection to the reasonableness of the Settlement. [Filing No. 130.] This objection is **OVERRULED.** First, the objection aptly describes the disconnect between Angie's List's mission and the objector's view of the alleged misconduct in this case, i.e. a company that touts a mission of arming consumers with information but who imposed increased membership fees that at best resulted from entirely legal provisions contained in the fine print of its membership agreement and at worst were the product of fraud. However, the objection directs the Court to California consumer protection laws, which are inapplicable in this case (Indiana law governs). Further, the objection reveals a misunderstanding of the underlying facts of the case. In addition, it presumes liability and recovery without regard to the serious risks of litigation and potentially valid defenses facing the class as discussed in more detail below.

Second, as explained by Angie's List at the hearing, the alleged conduct in this case involved a failure to notify the class that it could unbundle services rather than "upbundling" them, which the Court finds significant in evaluating the alleged conduct in the case. Moreover, the Settlement requires Angie's List to make clear to their customers precisely what services they are purchasing in the future, and Angie's List has already begun this practice.

Third, the Plaintiff faced significant risks had she continued litigating this case. Specifically, language in Angie's List's contract potentially precluded recovery altogether, especially for the renewal fee claims, or at least could have significantly limited the amount of any recovery. Furthermore, Angie's List raised several defenses that arguably had merit, including a statute of limitations defense that, if applicable, would have dramatically reduced the size of the class and/or potential recovery. Relatedly, whether class certification was appropriate had yet to be determined, and certain of Plaintiff's claims, such as her fraud and unjust enrichment claims, would have made the propriety of class certification more tenuous. In sum, from the outset of this case,

there were significant hurdles impeding any substantial recovery for the Plaintiff and potential Class, and the Court strongly weighs this fact in concluding that the Settlement is fair, reasonable, and adequate.

Fourth, the parties spent several days mediating this case with former United States Magistrate Judge Denlow. That this Settlement resulted from a hotly contested mediation, which was overseen by a very well-respected mediator, weighs in favor of finding the Settlement fair, reasonable, and adequate. The parties also verified that an agreement as to the Settlement for the class was achieved prior to, and separate from, any negotiation concerning a fee award. The sequencing somewhat, though not entirely, mitigates any potential conflict in the negotiation process with respect to the tension between recovery for the class and recovery for class counsel.

Fifth, the Court finds the parties' decision to use a claims process reasonable under the circumstances. As explained by the parties at the hearing, Angie's List is primarily an e-commerce company that does not have reliable data on the most recent addresses of their customers, which makes it infeasible to simply mail a check to each class member. To mitigate the fact that the claims process had, as it often does, a low response rate, the parties ensured that almost all members of the class who did not response received some form of automatic relief.

8. The Class Relief shall be distributed to the Settlement Class in the manner and time periods prescribed in Paragraph 13 the Settlement Agreement.

9. Plaintiff Marie Fritzinger is awarded an incentive award of $1,500 to be paid by Angie's List in the manner set forth in Paragraph 9(B) of the Settlement Agreement.

10. This case is hereby dismissed with prejudice and the releases described in ¶ 14(A)-(C) of the Settlement Agreement shall be deemed effective as set forth therein. Each member of the Class who has not requested exclusion as set forth in the Notice is barred from instituting,

prosecuting, maintaining, or continuing with, in any capacity, any action or proceeding that asserts any of the Released Claims, as described at ¶ 14(A)-(B) of the Settlement Agreement, against Angie's List.  Angie's List is barred from instituting, prosecuting, maintaining, or continuing with, in any capacity, any action or proceeding that asserts and of the Released Litigation Claims, as described at ¶ 14(C) of the Settlement Agreement, against the Plaintiff Released Parties.

11.     The individuals listed at Filing No. 132-5 at 8-10 have validly requested exclusion from the Settlement Class and are therefore excluded.  These individuals are neither included in nor bound by this Final Judgment issued on this date.  These individuals have no right to receive any of the Class Relief authorized by the Settlement Agreement, but the Final Judgment issued on this date does not prejudice these individuals' rights to pursue any other recovery from Defendant.

12.     Neither the Order, the Final Judgment issued this date, the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of liability, fault, or wrongdoing in any criminal, civil, or administrative proceeding.

13.     Class Counsel is **ORDERED** to mail a copy of this Order, by First Class U.S. Mail, to the individuals who timely excluded themselves from the class, [*see* Filing No. 132-5 at 8-10], using their last known addresses.

## II.     Attorneys' Fees

For the following reasons, Class Counsel is awarded attorneys' fees and litigation expenses in the amount of $875,000 to be paid by Angie's List in the manner set forth in Paragraph 9(A) of the Settlement Agreement.  $672,636 of that amount is an award of attorneys' fees pursuant to Rule 23(h), while the remainder is awarded for litigation expenses.  There were no objections to the litigation expenses by Angie List or any class member.

The Court concludes that an award of $672,636 in attorneys' fees is reasonable. In arriving at this conclusion the Court is required to ascertain a value of the settlement to the class. *See Redman v. RadioShack*, --- F.3d ----, 2014 WL 4654477, *5 (7th Cir. 2014) ("The ratio that is relevant to assessing the reasonableness of the attorneys' fee that the parties agreed to is the ratio of (1) the fee to (2) the fee plus what the class members received."). Given the nature of the recovery here, some estimating is required, and the Court has chosen to be conservative in its estimate. The Court reduced the valuation of the Settlement amount as suggested by the parties – between $3.25 million and $5million – [Filing No. 133 at 13] to an amount that the Court finds more certainly reflects the true value of the Settlement. The Court finds a conservative value of the settlement to be $2,833,927, calculated as follows: (1) $107,000 to class members who filed a claim and requested $5 cash; (2) approximately $2,010,216 in one-month Angie's List membership extensions for class members who did not submit a claim but are current Angie's List members [$2.76 (average value of a one-month membership) x 728,339 (class members receiving the one-month membership)]; (3) $44,075 in what is a conservative estimate of the number of former Angie's List class members who will use their $5 E-Voucher [$5 (value of E-Voucher) x 352,580 (class members receiving the E-Voucher) x 2.5% (estimate of class members who will use E-Voucher, utilizing the claims response rate of the overall class)][2]; and (4) $672,636 in attorneys' fees, *Redman*, 2014 WL 4654477, at *5; *see* MANUAL FOR COMPLEX LITIGATION § 21.7 (4th ed. 2004) (stating that the attorneys' fees should be included when calculating the class recovery for the purposes of determining the reasonableness of the attorneys' fees). The resulting calculation

---

[2] The Court recognizes the difficulty in assessing the market value of vouchers. *See Redman*, 2014 WL 4654477, at *6-7. This is, in part, why the Court uses a very conservative estimate of the E-Voucher's true value. However, even if the Court attributed no value to the E-Vouchers, Class Counsel's requested attorneys' fees would still fall within a reasonable percentage range. [$672,636 ÷ $2,789,852 = 24.1%]

$672,636 ÷ $2,833,927 results in a percent of settlement fund rate of 23.7%. Given the value of class recovery, the Court finds that attorneys' fees totaling approximately 24% of the Class recovery to be reasonable. A 24% percentage of settlement fund recovery is close to the normal range of fees recovered in common fund cases. *See In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 744 (7th Cir. 2011) (noting "an academic study which had found that between 1993 and 2002 the average awards of attorneys' fees in common fund consumer class actions had been either 16.2 or 24.3 percent of the amount of the settlement, depending on which of two datasets were consulted"); *Gaskill v. Gordon*, 160 F.3d 361, 362-63 (7th Cir. 1998) (noting that "[s]ome courts have suggested 25 percent as a benchmark figure for a contingent-fee award in a class action"). Furthermore, courts in this district often award attorneys' fees of 30% or more in these types of cases. *See, e.g.*, *Heekin v. Anthem, Inc.*, 2012 WL 5878032, *3 (S.D. Ind. 2012); *Campbell v. Advantage Sales & Mktg. LLC*, 2012 WL 1424417, *2 (S.D. Ind. 2012); *In re Ready-Mixed Concrete Antitrust Litig.*, 2010 WL 3282591, *3 (S.D. Ind. 2010).

The conclusion that the attorneys' fees requested are reasonable under the percentage methodology set forth above should not be viewed as an endorsement of the attorneys' fees calculated pursuant to the lodestar method. Class Counsel submitted their attorneys' fees as calculated pursuant to the lodestar method at the Court's request as a "cross-check" to show that their request was reasonable. Class Counsel's proffered lodestar calculation was purportedly significantly higher than the $672,636 in attorneys' fees they ultimately requested. However, the Court notes that some of the hourly rates used in calculating the lodestar were higher than those this market

typically commands. Therefore, the Court's conclusion that the attorneys' fees requested are reasonable is based on the percentage methodology, rather than any impression of reasonableness created by Class Counsel's lodestar calculation.³

While drafting this Order, the Seventh Circuit in *Redman* issued further guidance regarding the reasonableness of attorneys' fee requests in class action settlements. The foregoing analysis is consistent with the Seventh Circuit's opinion in *Redman*, but the Court wishes to highlight two areas of concern of which Class Counsel should be aware in future litigation. First, the parties' agreement here included a "clear-sailing clause," in that Angie's List "agreed not to oppose an application by Plaintiff for attorneys' fees and expenses in an amount not to exceed $875,000." [Filing No. 133 at 31.] Although "[c]lear-sailing clauses have not been held to be unlawful per se," they must be subjected to "intense critical scrutiny." *Redman*, 2014 WL 4654477, at *13. Despite the clear-sailing clause in this case, the attorneys' fees request is reasonable given that the request represents a relatively low percentage of a conservative estimate of the Settlement's guaranteed value created by the one-month membership extensions. However, Class Counsel should only include such clauses in the future at their own risk, given that "[t]he existence of such clauses . . . illustrates the danger of collusion in class actions between class counsel and the defendant, to the detriment of the class members." *Id.*

Second, best practices require Class Counsel to file a separate motion for attorneys' fees, rather than, as here, include their detailed fee request only at the end of their Motion for Final Approval of Class Action Settlement. *See id.* ("Rule 23(h) of the civil rules requires that a claim for attorneys' fees in a class action be made by motion, and notice of the motion must be served

---

³ The Court is particularly troubled that local Class Counsel Richard Shevitz refused to directly answer the Court's question as to whether clients in the Indianapolis market were paying him $575 per hour.

on all parties and, for motions by class counsel, directed to class members in a reasonable manner.") (quotation marks omitted).  Although Class Counsel's fee request was technically made by motion and thus in compliance with Rule 23(h), a separate motion facilitates class members' review of the fee request.  Class Counsel's inclusion of the fee request in their Motion for Final Approval of Class Action Settlement avoided the problem identified by the Seventh Circuit in *Redman*—that "Class counsel did not file the attorneys' fee motion until after the deadline set by the court for objections to the settlement had expired," *id.*—because the objection deadline in this case was fourteen days after their motion was filed, [*see* Filing No. 129 at 6].  Nevertheless, Class Counsel should file a separate motion in future cases so that any potential objectors can more easily access "the rationale . . . offered for the fee request."  *Redman*, 2014 WL 4654477, at *13.

In sum, the Court concludes that the attorneys' fees request is reasonable.  However, Class Counsel should follow the above described best practices in future litigation before this Court.

Final Judgment will issue accordingly.

September 22, 2014

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail:**

Karen S. Hughes
4604 48th Street
San Diego, CA 92115-3205

**Distribution via ECF only to all counsel of record**